THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHNNY E. HOPKINS, Defendant-Appellant.

Fourth District    No. 4—93—0043

Argued January 19, 1994.—Opinion filed February 14, 1994.

Daniel D. Yuhas (argued), of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman (argued), and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant pleaded guilty to violation of his bail bond. (Ill. Rev. Stat. 1991, ch. 38, par. 32—10.) Six days after sentencing, trial counsel filed a motion to reconsider the sentence, which was denied. Because defendant was not provided with a copy of the transcript of the sentencing hearing as required by Supreme Court Rule 605(b)(5) (134 Ill. 2d R. 605(b)(5)), and because trial counsel did not file the affidavit required under Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)), de-

fendant contends he is entitled to a remand to be permitted to file a new motion to reduce sentence.

■ The State concedes the report of proceedings from the sentencing hearing was not prepared until after the notice of appeal in this case was filed and, for that reason, could not have been reviewed by counsel to assist in preparation of the motion to reconsider sentence. Likewise, the State concedes counsel did not file a Rule 604(d) certificate. The State contends, nevertheless, that the failure to file the certificate may be excused because the record demonstrates counsel complied substantially with the requirements of Rule 604(d) and a "piece of paper to that effect offers nothing additional to demonstrate the validity" of the post-sentencing proceeding. The State also contends the appropriate remedy for failure to file the Rule 604(d) certificate is to dismiss the appeal rather than to remand.

The supreme court has rejected both of the State's arguments in the recent case of *People v. Janes* (1994), 158 Ill. 2d 27. In that case, the supreme court held, unequivocally:

"[T]he remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." (*Janes*, 158 Ill. 2d at 33.)

Likewise, the supreme court rejected the argument that dismissal was the proper remedy for failure to file the certificate. Dismissal is warranted only when a defendant fails to file an appropriate motion to withdraw the plea or to reconsider sentence. *Janes*, 158 Ill. 2d at 34.

■ The final matter we address is the State's request for clarification concerning the scope and content of a certificate when the defendant challenges only the sentence which he received. The current version of the rule states:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (145 Ill. 2d R. 604(d).)

The State's concern is twofold. First, the State questions the necessity of examining the report of proceedings from the plea of guilty if defendant is challenging only his sentence. Second, the certificate requirements make no mention of the need for counsel to examine the report of proceedings from sentencing even if the sentence defendant received is the only point of contention in the post-trial motion.

We reject any suggestion that examination of the report of proceedings from the plea of guilty is useless or irrelevant to matters which occur at sentencing. Any number of issues might arise at the plea which have a bearing on the subsequent sentence defendant receives. The factual basis for the plea and any agreements made as to sentence obviously may bear on the sentence defendant ultimately receives, whether the plea is negotiated in whole or in part, especially if those factual circumstances are not fully reintroduced at the sentencing hearing or negotiated agreements are not honored. In short, even if defendant is only challenging his sentence, trial counsel must examine the report of proceedings from the plea of guilty.

The remaining question is whether counsel must certify, in addition to the explicit requirements of the rule, that counsel has examined the report of proceedings from the sentencing hearing. As presently constituted, Rule 604(d) does not explicitly require that counsel make such a certification. Yet, Supreme Court Rule 605(b)(5) clearly requires that defendant, if indigent, will be provided with a transcript of the sentencing proceeding to assist him and appointed counsel in the preparation of a motion to reduce sentence. It would be anomalous to require the production of a transcript from sentencing to assist in preparation of the motion to reduce sentence and not require counsel to review it.

We recognize that we have no rulemaking or supervisory authority (see *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501; 134 Ill. 2d R. 3(A)(1)), and we do not presume to engage in such activity. We point out, however, that the requirements of Supreme Court Rule 604(d) set forth the *minimum* requirements which a certificate must contain. Nothing forbids the inclusion of additional matters in the certificate if warranted by the underlying circumstances. We do not doubt that conscientious counsel would seriously consider including in the certificate the representation that counsel had examined the report of proceedings from the sentencing hearing, to obviate any dispute on appeal whether the duties of counsel have been performed so as to protect defendant's due process rights.

For the foregoing reasons, the judgment of the circuit court of Macon County is vacated and the cause is remanded for the filing of a new motion to reconsider sentence and for a new hearing on that motion.

Vacated and remanded with directions.

KNECHT and STEIGMANN, JJ., concur.