THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT MUNETSI, Defendant-Appellant.

Fourth District     No. 4—95—0022

Opinion filed August 30, 1996.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten,

Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Robert Munetsi appeals the trial court's denial of his motion to reduce sentence following a guilty plea. We reverse and remand.

In July 1994, defendant pleaded guilty to armed robbery, a violation of section 18—2(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/18—2(a) (West 1992)), and three counts of aggravated unlawful restraint, a violation of section 10—3.1 of the Code (720 ILCS 5/10—3.1 (West 1992)). In April 1994, defendant entered the rear door of the Long John Silver's restaurant at 2889 North Main Street in Decatur, Illinois, while two employees were taking out garbage after closing time. Defendant was brandishing a semi-automatic pistol and wearing a bandanna on his face and a hood pulled over his head. He directed the employees into the restaurant and to the manager's office, where he ordered the manager to open the safe. Defendant then bound the hands of the manager and the two employees behind their backs, and ordered them to kneel. He turned up the volume of a television that was already on in the manager's office. Defendant then showed the gun to the manager, so he could see there was no magazine in the gun, and told the manager he was not going to hurt them. Defendant took approximately $1,900 from the store safe and ran out the rear door of the restaurant. The police caught him minutes later with the gun and the cash within a few blocks of the restaurant. Defendant later confessed.

In September 1994, the trial court sentenced defendant to 11 years' imprisonment for armed robbery and 3 years' imprisonment on each of the three counts of aggravated unlawful restraint, with all terms to run concurrently. From the bench, the trial court stated more than a minimum term of imprisonment was necessary because of the nature of the offense, the need to deter others, and the need to protect the public.

In November 1994, defendant filed a motion to reconsider sentence. Filed either at the same time or within several days of the motion to reconsider sentence was the following:

*"CERTIFICATE OF ATTORNEY*

HUGH H. ROWDEN, JR., attorney for Defendant, ROBERT M. MUNETSI, pursuant to Supreme Court Rule 604(d) states as follows:

1. He is and has been an attorney for ROBERT M. MUNETSI in this cause.

2. He participated in all stages of the proceedings herein and is familiar with those proceedings, including the sentencing hearing.

3. He has discussed the sentencing hearing and the sentence of this Court with the Defendant, and the Defendant has requested that this Court reduce or modify his sentence.

4. Accordingly, counsel prepared and filed a Motion to Reduce Sentence in this cause."

At the hearing on the motion to reconsider sentence, the State's Attorney objected that defense counsel's certificate filed in accordance with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) had been filed *without* a transcript of defendant's guilty plea and earlier sentencing hearing being prepared as Rule 604(d) requires. Defense counsel responded it would be "silly" to require a transcript be made because he was the same counsel in the earlier proceedings and was aware of all the evidence. The trial court believed there was "at least half compliance" with Rule 604(d) and neither party had an incentive to raise the issue on appeal. The trial court also believed defendant "would waive" the requirement a transcript be prepared of his sentencing hearing. The State's Attorney attempted to persuade the trial court a transcript was necessary and an appellate court would reverse and remand were the issue raised on appeal. Defense counsel responded:

"[State's Attorney] is saying, 'We don't have a transcript of proceedings.' I can tell the court on behalf of [defendant] that we would waive that requirement. We could put [defendant] on the stand under oath that we want to proceed today on the substance of the motion."

The trial court was satisfied with the Rule 604(d) certificate which had been filed and because only a motion to reconsider sentence had been filed rather than a motion to withdraw guilty plea, no transcript of the guilty plea was necessary. The State's Attorney again asserted Rule 604(d) required a transcript of the guilty plea proceedings regardless of the issue raised by defendant. The trial court allowed the hearing to proceed over the State's Attorney's objections. At the conclusion of the hearing, the trial court denied defendant's motion to reconsider sentence. Defendant now appeals, asserting he is entitled to a new sentencing hearing because Rule 604(d) was not complied with in that his defense counsel did not review a transcript of his earlier trial court proceedings.

■ Supreme Court Rule 604(d) sets out the procedure for an appeal by a defendant from a judgment or sentence entered upon a plea

of guilty. Rule 604(d) states after a defendant has filed a motion to withdraw guilty plea *or* a motion to reconsider sentence:

"If the defendant is indigent, the trial court *shall* order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney *shall* file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file *and report of proceedings of the plea of guilty*, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) 145 Ill. 2d R. 604(d).

The filing of either a motion to withdraw guilty plea or a motion to reconsider sentence prior to filing a notice of appeal is a necessary precondition to appellate jurisdiction. See *People v. Wilk*, 124 Ill. 2d 93, 105, 108-09, 529 N.E.2d 218, 222, 224 (1988) (motion to withdraw guilty plea); *People v. Wallace*, 143 Ill. 2d 59, 570 N.E.2d 334 (1991) (motion to reconsider sentence).

■ Regarding the rest of the Rule 604(d) requirements, our supreme court has recently and emphatically reiterated *strict* compliance with Rule 604(d) is necessary:

" 'At the risk of stating the obvious, it should be pointed out that the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions. It is incumbent upon counsel and courts alike to follow them.' [Citation.]

\*\*\*

\*\*\*

\*\*\* With this opinion, we \*\*\* unequivocally state that, with the exception of the motion requirements addressed in *Wilk* and *Wallace*, the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *People v. Janes*, 158 Ill. 2d 27, 32-33, 630 N.E.2d 790, 792 (1994), quoting *Wilk*, 124 Ill. 2d at 103, 529 N.E.2d at 21.

■ Defendant contends he is entitled to a new sentencing hearing because of the trial court's failure to order transcripts of his guilty plea and sentencing proceedings and because of his trial counsel's failure to review those transcripts prior to filing his Rule 604(d) certificate. The State concedes defense counsel's Rule 604(d) certificate did not strictly comply with the Rule 604(d) requirements. The State now contends defendant has waived this issue. Citing *People v. Lowe*, 153 Ill. 2d 195, 199, 606 N.E.2d 1167, 1169 (1992), and *People v. Tharp*,

217 Ill. App. 3d 429, 434, 577 N.E.2d 492, 495 (1991), the State correctly notes where a defendant invites a trial court to proceed in a certain manner, defendant cannot later object to that procedure. The State asserts this waiver principle applies here because, the State contends, defendant "affirmatively waived" preparation and review of a transcript of his guilty plea and sentencing hearings.

The only evidence of a "waiver" by defendant of a "right" to have a transcript prepared and reviewed by his trial counsel came at the beginning of the hearing on his motion to reconsider sentence. There, defense counsel stated he "could" put defendant on the stand, and if that occurred, defendant "would" waive his right to the preparation and review of transcripts. It might appear this does not meet the standard of a knowing, intelligent, and voluntary waiver. *People v. Bernasco*, 138 Ill. 2d 349, 562 N.E.2d 958 (1990). However, in *People v. Sailor*, 43 Ill. 2d 256, 260, 253 N.E.2d 397, 399 (1969), our supreme court declared an accused ordinarily speaks and acts through his attorney, who stands in the role as agent, and so a defendant, by permitting his attorney, in his presence and without objection, to waive his right to a jury trial is deemed to have acquiesced in, and to be bound by, his attorney's action. The situation here was nearly identical except the supposed right which was waived was the "right" to have transcripts prepared and reviewed by defendant's counsel.

We need not decide this issue. Whether defendant's actions otherwise would have constituted a waiver, Rule 604(d) requirements cannot be waived. A similar issue was addressed in *People v. Youngbey*, 82 Ill. 2d 556, 413 N.E.2d 416 (1980). There, the trial court ruled unconstitutional section 5—3—1 of the Unified Code of Corrections, which requires a presentence report be filed prior to the sentencing of a defendant. Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1 (now 730 ILCS 5/5—3—1 (West 1992)). The trial court believed a requirement a presentence report be filed which could not be waived was an unconstitutional legislative encroachment on the judiciary's sentencing power, as well as an invasion of executive authority, because the State's Attorney could not waive such an investigation and report. Both the State and the defendants appealed.

On appeal, the State conceded section 5—3—1 was constitutional but argued a defendant could waive the requirement a presentence report be prepared and had done so there. Our supreme court agreed section 5—3—1 was constitutional, but disagreed a defendant could waive the preparation of a presentence investigation and report. The court first noted the language of section 5—3—1 appeared mandatory in that it declared a defendant "shall not" be sentenced before a written presentence report of investigation is presented to and considered by the trial court. The court then declared:

"[W]e also reject the State's argument that the defendant has a right to waive the presentence-report requirement in the same way as the defendant has the right to waive the presentation of evidence presented in mitigation of the crime. While it is true that the defendant's right to have an examination of witnesses in mitigation is personal and can therefore be waived, *** we do not find this argument to be persuasive. The presentation of witnesses in mitigation is solely for the benefit of the defendant. The presentence report, however, is for the enlightenment of the court, as well as for the benefit of the defendant. As such, it is not a personal right of the defendant. Thus, the presentence investigation report is intended to serve as a useful tool for the sentencing judge. We therefore cannot say that a trial judge will be sufficiently apprised of the defendant's criminal record in the absence of the mandatory presentence investigation and report. We conclude that section 5—3—1 sets forth a mandatory, reasonable legislative requirement which, not being a personal right of the defendant, cannot be waived." *Youngbey*, 82 Ill. 2d at 564-65, 413 N.E.2d at 421.

Here, the Rule 604(d) requirements are similarly couched in mandatory language. More importantly, however, like the requirement a presentence report be prepared and presented to the sentencing court, the Rule 604(d) requirement a defendant's counsel review transcripts of the defendant's trial court proceedings for error and bring any such error to the attention of the trial court is *not* primarily for the benefit of defendant. Our supreme court in *Wilk* explained the history and purpose behind Rule 604(d):

"*Rule 604(d) was designed to meet a specific need.* A few years after the effective date of our 1970 Constitution, it came to the attention of this court that a large number of appeals in criminal cases were being taken from pleas of guilty. One appellate court justice estimated that one-third of all criminal appeals in his division were from pleas of guilty. A review of criminal appeal filings in the appellate court in the five judicial districts substantiated this estimate. A review of the appeals in those cases revealed that many of the errors complained of could and undoubtedly would be easily and readily corrected, if called to the attention of the trial court. *The rule was designed to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed.*" (Emphasis added.) *Wilk*, 124 Ill. 2d at 106, 529 N.E.2d at 222-23.

In short, a Rule 604(d) certificate, *and* its accompanying requirements, are *not* a personal right of a defendant and therefore *cannot*

be waived by a defendant. Like a presentence report, a Rule 604(d) certificate is primarily for the benefit of the trial and appellate courts. Thus, *strict compliance* with Rule 604(d) is necessary if the purpose behind this rule is to be fulfilled.

■ We find the exhortation of one of our sister districts, the Second District Appellate Court, in regard to Rule 604(d) appropriate:

"Although the rule places the primary responsibility for compliance upon defense counsel, trial courts and prosecutors must also take steps to ensure that the rule is followed. We reiterate our statement that 'it is incumbent on the trial court to insist that defense counsel comply with the certification requirement before allowing a hearing on the motion.' [Citation.] In a roughly analogous situation, many trial judges routinely insist on seeing a written jury waiver before conducting a bench trial in a criminal case. By similarly requesting to see a Rule 604(d) certificate prior to conducting a hearing on a motion to withdraw a guilty plea or to reconsider a sentence, courts can ensure that valuable judicial resources will not be wasted by needlessly conducting duplicative hearings. Similarly, prosecutors can, in a matter of seconds, check the court file and bring any omissions to the court's attention." *People v. Oliver*, 276 Ill. App. 3d 929, 932-33, 659 N.E.2d 435, 438-39 (1995), quoting *People v. Davis*, 255 Ill. App. 3d 647, 649, 627 N.E.2d 749, 751 (1994).

Prosecutors and the trial court should not only ensure a Rule 604(d) certificate is filed, but should also ensure that certificate, once filed, *strictly* complies with *all* the requirements of Rule 604(d).

To the State's Attorney's credit in the case at hand, he brought the noncompliance with Rule 604(d) to the trial court's and defense counsel's attention, and we commend his effort. The trial court mistakenly assumed "at least half" compliance with Rule 604(d) is sufficient. More importantly, the State's Attorney's effort was frustrated and ultimately thwarted by a defense counsel who apparently believes it is "silly" to follow supreme court rules. We condemn blatant and knowing disregard for court procedure. Because of defense counsel's failure to follow simple and straightforward directives, scarce judicial resources at both the trial and appellate levels have been needlessly wasted. Both defense counsel and the trial court are compelled to follow the directives of Rule 604(d). Dislike for the Rule 604(d) requirements does not permit noncompliance with those requirements.

■ An additional issue is present that was not raised by the parties. Because we are remanding for the trial court to address defendant's motion to reconsider sentence filed pursuant to Rule

334

604(d), and because Rule 604(d) requires a defense counsel to review a transcript of the defendant's *guilty plea* proceeding, it would seem logical for Rule 604(d) to also require defense counsel review transcripts of defendant's initial *sentencing* hearing to search for any improprieties. However, on its face, Rule 604(d) requires the preparation and review of transcripts only of a defendant's guilty plea proceeding, but not of that same defendant's sentencing hearing, *even when that defendant is challenging only his sentence.* Rule 604(d) is silent on what to do in this situation. This court has before held Rule 604(d) requires an examination of a transcript of a defendant's *guilty plea* proceeding even in cases where that defendant is challenging his sentence only. *People v. Hopkins*, 256 Ill. App. 3d 203, 205, 629 N.E.2d 780, 782 (1994). There appears to be no contrary authority to this position. However, the appellate districts are divided on the issue whether Rule 604(d) requires the preparation and review of transcripts of a defendant's *sentencing* hearing when that defendant, like defendant here, is challenging only his sentence but not the underlying plea itself.

The fifth district, in *People v. Outland*, 226 Ill. App. 3d 1034, 1039, 590 N.E.2d 106, 110 (1992), held Rule 604(d) makes no requirements regarding transcripts of a defendant's sentencing hearing when a defendant challenges his sentence after a guilty plea. The court based its conclusion on two grounds: first, Rule 604(d) made no mention of challenge to a sentence after a guilty plea; and second, Rule 402(e) (134 Ill. 2d R. 402(e)), which Rule 604(d) requires be followed, requires transcripts be prepared of guilty plea proceedings but makes no mention of sentencing hearings. The first basis, however, is no longer valid because Rule 604(d) has been amended to address challenges to sentences received after a plea of guilty, and our supreme court in *Janes* made emphatically clear Rule 604(d) requires strict compliance in such situations.

After Rule 604(d) was amended to address challenges to sentences, two appellate courts have considered the issue whether Rule 604(d) requires the preparation and review of transcripts of a defendant's sentencing hearing where that defendant is challenging his sentence received after a plea of guilty. In *People v. Heinz*, 259 Ill. App. 3d 709, 712, 632 N.E.2d 338, 340 (1994), the second district held the language of Rule 604(d) does not require this, there was no authority to read this requirement into the rule, and the court did not have the authority to amend a rule of our supreme court. In *Hopkins* (256 Ill. App. 3d at 205, 629 N.E.2d at 782), this court observed Rule 604(d) does not explicitly require counsel to certify transcripts of the defendant's sentencing hearing have been reviewed. This court

went on to note, however, Supreme Court Rule 605(b)(5) (134 Ill. 2d R. 605(b)(5)) requires an indigent defendant be provided with a transcript of his sentencing hearing, and it would be anomalous to require the production of a sentencing hearing transcript, which is made to assist in preparation of the motion to reduce sentence, and yet not require counsel to review that same transcript. This court stopped short, though, of declaring this a requirement of Rule 604(d), instead suggesting "conscientious counsel" would do so to obviate disputes on appeal. We now expressly hold Rule 604(d) requires the preparation and review of transcripts of both the defendant's guilty plea proceeding *and* the defendant's sentencing hearing whenever a defendant files a motion to reconsider sentence pursuant to Rule 604(d).

The rules for statutory construction apply to supreme court rules. *Kellett v. Roberts*, 276 Ill. App. 3d 164, 170, 658 N.E.2d 496, 501 (1995). The primary rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent of the governmental body which adopted the enactment. In determining this intent, a court should first consider the language of the enactment. Where the language of the enactment is clear, it will be given effect without resort to other aids for construction. However, where the language is ambiguous, it is appropriate to examine the legislative history of the enactment. *People ex rel. Baker v. Cowlin*, 154 Ill. 2d 193, 197, 607 N.E.2d 1251, 1253 (1992). In determining legislative intent, a court may consider the reason and necessity for the enactment, the evils to be remedied, and the objects to be attained. In addition, a court construing the language of an enactment will assume that the governmental body adopting the enactment did not intend to produce an absurd or unjust result. *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 541, 605 N.E.2d 539, 542 (1992). When analyzing a supreme court rule, we must ascertain and give effect to the supreme court's intent. *Kellett*, 276 Ill. App. 3d at 170, 658 N.E.2d at 501.

Our supreme court has declared a court may read language into an enactment when to not do so would lead to a result clearly in conflict with the express purpose behind the enactment. For example, in regard to enactments by the legislature, when the spirit and intent of the legislature are clearly expressed and the objects and purposes of the statute are clearly set forth, the courts are not bound by the literal language of a particular clause that might defeat such clearly expressed intent. Ambiguity caused by a literal and confined construction may be modified, changed or rejected to conform to an otherwise clear legislative intent, and the judiciary has the authority

to read language into a statute that the legislature omitted through oversight. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 112, 610 N.E.2d 1250, 1254 (1993).

Turning to the issue at hand, we cannot constrain Rule 604(d) to a narrow reading. Where a defendant has filed a motion to reconsider sentence pursuant to Rule 604(d), not only will the failure by a defense counsel to review a transcript of a defendant's sentencing hearing provide no benefit to the trial court, it will instead *hinder* the trial court's ability to rule on a motion to reconsider sentence because the trial court will be lacking defense counsel's scrutinization of defendant's sentencing hearing for errors. This result would directly conflict with the clear and express policy behind Rule 604(d), which our supreme court has stated is to ensure errors in a defendant's trial court proceedings are "easily and readily corrected, if called to the attention of the trial court," so as to "eliminate needless trips to the appellate court." *Wilk*, 124 Ill. 2d at 106, 529 N.E.2d at 223. A confined and literal reading of Rule 604(d) would directly frustrate the express purpose behind the rule. Rule 604(d) necessarily implies where a defendant is challenging his sentence in a motion to reconsider sentence filed pursuant to Rule 604(d), its goals can be accomplished only by requiring the preparation and review of the transcripts of the defendant's sentencing hearing prior to a hearing on the defendant's motion. This interpretation furthers the purpose behind the rule where a defendant is challenging his sentence. We make no claim to having rulemaking authority, and we have no desire to place extra burdens on defense counsel and court reporters. We merely interpret Rule 604(d) to give *actual* aid to trial courts, as we believe our supreme court must have intended Rule 604(d) to be interpreted. On remand, then, the trial court shall order transcripts be prepared of both defendant's guilty plea proceeding *and* his sentencing hearing, and defense counsel shall, prior to the hearing on defendant's motion to reconsider sentence, review both transcripts for error and file a certificate in *strict* compliance with *all* of the Rule 604(d) requirements.

Because defendant cannot waive the requirements of Rule 604(d), we reverse and remand to the trial court to order transcripts of defendant's sentencing hearing be prepared, to require defense counsel to review those transcripts, and to hold a new hearing on defendant's motion to reconsider sentence. We have reversed and remanded for a new hearing on defendant's motion to reconsider

sentence, so we need not reach the issue whether the trial court erred in its ruling on defendant's motion to reconsider sentence.

Reversed and remanded.

GREEN and STEIGMANN, JJ., concur.