Docket Nos. 83350, 83790 cons.–Agenda 4–September 1998.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. PHILIP E. FITZGIBBON, Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DAVID A. MERRITT, 

 Appellant.

Opinion filed December 3, 1998.

CHIEF JUSTICE FREEMAN delivered the opinion of the court:

In this consolidated appeal, we are asked to interpret Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) so as to require appointed defense counsel to certify that he or she has reviewed the transcript from the original sentencing hearing prior to a hearing on a motion to reconsider sentence. For reasons that follow, we decline to interpret Rule 604(d) in such a manner.

BACKGROUND

Docket No. 83350

A Du Page County grand jury indicted defendant, Philip Fitzgibbon, for one count of residential burglary. On July 20, 1995, the circuit court, after admonishing defendant in accordance with Supreme Court Rule 402 (134 Ill. 2d R. 402), accepted defendant's plea of guilty to residential burglary. The circuit court then conducted a sentencing hearing at which it sentenced defendant to a 12-year term of imprisonment. Defendant subsequently filed a motion to reduce sentence pursuant to Rule 604(d), which the circuit court denied. Defendant filed a notice of appeal.

On appeal, defendant argued that the matter must be remanded to the circuit court because his trial attorney failed to certify that he had reviewed the transcript of the original sentencing hearing in violation of Rule 604(d). The appellate court rejected the contention. The court held that Rule 604(d) does not expressly require an attorney to certify that he or she has read the transcript of the sentencing hearing. Therefore, the Rule 604(d) certificate filed in the case comported with the rule. 
Fitzgibbon
, No. 2–96–0072 (unpublished order under Supreme Court Rule 23). Defendant thereafter sought leave to appeal in this court.

Docket No. 83790

On March 24, 1993, a Du Page County grand jury returned an 11-count indictment against defendant, David Merritt. The indictment included two counts of armed robbery (720 ILCS 5/18–2(a) (West 1992)), four counts of aggravated kidnapping (720 ILCS 5/10–2(a)(1), (a)(3), (a)(5) (West 1992)), one count of aggravated battery (720 ILCS 5/12–4(a)(8) (West 1992)), one count of aggravated unlawful restraint (720 ILCS 5/10–3.1 (West 1992)), two counts of armed violence (720 ILCS 5/33A–2 (West 1992)), and one count of vehicular invasion (720 ILCS 5/12–11.1 (West 1992)). Prior to trial, defendant and the State entered into a plea arrangement in which defendant agreed to plead guilty to one count each of aggravated battery, armed violence, and vehicular invasion. In return, the State agreed to nol-pros all of the remaining counts in the indictment. At a hearing held on August 17, 1993, the circuit court admonished defendant in accordance with Rule 402 and accepted defendant's guilty plea. The circuit court then sentenced defendant to 12-year terms of imprisonment for the aggravated kidnapping and vehicular invasion and to an 18-

year prison term for the armed violence, each sentence to be served concurrently. Defendant subsequently filed a motion for reconsideration of the sentence, which the circuit court denied.

Defendant appealed. The appellate court reversed and remanded the cause due to defense counsel's failure to file the certificate mandated by Rule 604(d). 
Merritt
, No. 2–94–0035 (unpublished order under Supreme Court Rule 23). On remand from the appellate court, defense counsel filed the requisite certificate, and the circuit court once again denied defendant's motion for reconsideration of sentence.

Defendant again appealed, arguing that the cause must be remanded once again for reconsideration of the sentence because his attorney failed to provide a certificate indicating that he had read the prior sentencing transcript. The appellate court affirmed, stating that it was clear from the record “that defendant's counsel performed his duties in conformity with the rule and the binding precedent of this court.” 
Merritt
, No. 2–96–0042 (unpublished order under Supreme Court Rule 23). Defendant thereafter sought leave to appeal in this court.

We granted both defendants' petitions for leave to appeal (166 Ill. 2d R. 315) and consolidated the causes for review.

ANALYSIS

The dispositive issue in this case is whether Rule 604(d) should be interpreted so as to require defense counsel to certify in the mandatory Rule 604(d) certificate that he or she has reviewed the transcript of the sentence hearing prior to the hearing on a motion to reconsider sentence. Rule 604(d) states in pertinent part

“No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. *** The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. *** Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived.” 145 Ill. 2d R. 604(d).

This court, in the past, has given Rule 604(d) a literal interpretation and has required strict compliance with its provisions. See 
People v. Janes
, 158 Ill. 2d 27 (1994) (
Janes I
); 
People v. Janes
, 168 Ill. 2d 382 (1995) (
Janes II
).

Defendants contend that Rule 604(d) must be interpreted so as to require counsel to certify that he or she has read the transcript of the sentence hearing because Rule 605(b)(5) requires the circuit court, after imposing sentence upon a plea of guilty, to advise defendants that if they are indigent, “a copy of the transcript of the proceedings at the time of [the] plea of guilty and sentence will be provided without cost to [them] and counsel will be appointed to assist [them] with the preparation of the motions”. 145 Ill. 2d R. 605(b)(5). According to defendant, when Rule 604(d) is read together with Rule 605(b)(e), “there is no doubt that this Court contemplated that a defendant's attorney read the original sentencing hearing before proceeding on a motion to reconsider sentence.” The State, on the other hand, notes that Rule 604(d) does not contain this express requirement and no reversible error should be found here because the certificates filed in these cases fully comport with the language of the rule.

We note that our appellate court has addressed the issue raised in this appeal in opposite ways. The Second District, in 
People v. Heinz
, 259 Ill. App. 3d 709 (1994), held that the language of Rule 604(d) does not require such certification and that there was no legal authority for such an argument. The appellate court, in the present appeals, based its summary orders on 
Heinz
.

The Fourth District, in contrast, has found that, because Rule 604(d) requires a defense counsel to review a transcript from the defendant's guilty plea proceedings, “it would seem logical for Rule 604(d) to also require [that] defense counsel review transcripts of defendant's initial sentencing hearing.” (Emphasis omitted.) 
People v. Munetsi
, 283 Ill. App. 3d 326, 334 (1996). Although the court noted that Rule 604(d) did not explicitly require such a review, the court believed that established rules of statutory construction nevertheless allowed for such a requirement to be read into the rule. To this end, the court initially noted such rules of construction apply to supreme court rules. 
Munetsi
, 283 Ill. App. 3d at 334. As such, the court reasoned that its primary goal was to ascertain and give effect to the true intent of the governmental body which adopted the enactment. Moreover, “[a]mbiguity caused by a literal and confined construction may be modified, changed or rejected to conform to an otherwise clear legislative intent, and the judiciary has the authority to read language into a statute that the legislature omitted through oversight.” 
Munetsi
, 283 Ill. App. 3d at 335-36. The court then focused on what it perceived to be a problem created by a literal interpretation of the rule:

“Where a defendant has filed a motion to reconsider sentence pursuant to Rule 604(d), not only will the failure by a defense counsel to review a transcript of a defendant's sentencing hearing provide no benefit to the trial court, it will instead 
hinder
 the trial court's ability to rule on a motion to reconsider sentence because the trial court will be lacking defense counsel's scrutinization of defendant's sentencing hearing for errors. This result would directly conflict with the clear and express policy behind Rule 604(d), which our supreme court has stated is to ensure errors in a defendant's trial court proceedings are `easily and readily corrected, if called to the attention of the trial court,' so as to `eliminate needless trips to the appellate court.' [Citation.] A confined and literal reading of Rule 604(d) would directly frustrate the express purpose behind the rule.” (Emphasis in original.) 
Munetsi
, 283 Ill. App. 3d at 336, quoting 
People v. Wilk
, 124 Ill. 2d 93, 106 (1988).

 Accordingly, the court held that Rule 604(d) requires the preparation and review of transcripts of both the defendant's guilty plea proceeding and the defendant's sentencing hearing whenever a defendant files a motion to reconsider sentence pursuant to Rule 604(d). Moreover, the court held that the Rule 604(d) certificate must reflect the fact that counsel has reviewed the transcript. The court stated that it interpreted the rule in this manner so as to give “actual aid to trial courts, as we believe our supreme court must have intended Rule 604(d) to be interpreted.” (Emphasis omitted.) 
Munetsi
, 283 Ill. App. 3d at 336.

We are not unmindful of the concerns expressed in the 
Munetsi
 decision. Nevertheless, we decline, at this time, to add an additional certification requirement to Rule 604(d). In so holding, we have no quarrel with the implicit suggestion in 
Munetsi
 that such an interpretation would bring 
symmetry
 to the rule 
vis-à-vis
 the motion to withdraw plea and vacate judgment and the motion to reconsider sentence. We are not persuaded, however, that such symmetry is a legal necessity given the fundamental differences between the plea proceeding and the sentencing hearing which results from that plea proceeding. As the United States Supreme Court has recognized, “[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.” 
Boykin v. Alabama
, 395 U.S. 238, 242, 23 L. Ed. 2d 274, 279, 89 S. Ct. 1709, 1711-12 (1969). Indeed, it is at the 
plea proceeding
 where defendant forgoes his or her right to trial, a right which is the cornerstone of our criminal justice system. See 
Boykin 
395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (acknowledging that right to trial encompasses the waiver of three important federal rights, namely (i) the privilege against self-

incrimination, (ii) the right to trial by jury, and (iii) the right to confront one's accusers). In order to ensure that this most basic of rights has been relinquished by a defendant in a knowing, intelligent, and voluntary fashion, this court promulgated Rule 402. See 134 Ill. 2d R. 402, Committee Comments, at 339-42. This rule mandates that a defendant be admonished in open court regarding the fell consequences of a plea of guilty. The certification requirement contained in Rule 604(d), with respect to the transcript of the plea proceeding, serves as yet another level of protection of the defendant's right to trial–the requirement further safeguards against the possibility of a constitutionally infirm waiver of the right to trial by mandating that the attorney review the actual transcript of the proceeding. See 
Wilk
, 124 Ill. 2d at 103-04 (recognizing that the rule not only works to protect defendants' constitutional rights, but also to avoid abuses by defendants). This is not to say that the resulting sentencing hearing does not deserve careful scrutiny. However, the fundamental constitutional concerns attendant to a plea proceeding are notably absent at the sentencing hearing which flows from that plea proceeding. Therefore, in light of the critical distinction between the plea proceeding and the sentencing hearing, we are of the opinion that the certification requirements contained in Rule 604(d), as the rule is currently worded, adequately further the goals of the rule as identified by this court in our previous opinions. See 
Wilk
, 124 Ill. 2d 93; 
Janes I
, 158 Ill. 2d 27; 
Janes II
, 168 Ill. 2d 382; 
People v. Wallace
, 143 Ill. 2d 59 (1991).

Although we acknowledge that Supreme Court Rule 2 provides that our rules are to be construed in the same manner as statutes are construed (see 134 Ill. 2d R. 2), we do not believe that the rules of construction mandate the type of substantive change to an existing rule sought here. Notwithstanding this fact, today's decision should not be read in any way as a condemnation of the general rule requiring supreme court rules to be construed in the same manner as statutes are construed. Nor should this holding be viewed as a departure from strict compliance with Rule 604(d). Those principles remain the law in this state.

CONCLUSION

In view of the foregoing, the judgments of the appellate court are affirmed.

No. 83350–Appellate court judgment affirmed.

No. 83790–Appellate court judgment affirmed.