THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RODNEY LITTLE, Defendant-Appellant.

Fourth District   No. 4—01—0386

Opinion filed March 20, 2003.

TURNER, J., specially concurring in part and dissenting in part.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Rodney Little, appeals from the trial court's denial of his motion to reduce sentence following a guilty plea contending the proceedings surrounding the filing and hearing of the motion were *pro forma* only and, therefore, violated Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)). We reverse and remand with directions.

In February 2001, defendant pleaded guilty to one count of predatory criminal sexual assault of a child, a violation of section 12—14.1(a)(1) of the Criminal Code of 1961 (720 ILCS 5/12—14.1(a)(1) (West 2000)). On or about August 30, 2000, defendant, who was over 17 years of age, committed an act of sexual penetration of T.D.D., who was under 13 years of age, by placing his penis in her anus. At the time this occurred, the victim's mother was picking up the victim's older sister at work. Defendant was the father of the victim's little sister and the victim had lived with defendant her entire life. She considered him to be a father to her, the only father she had ever known.

On April 6, 2001, the trial court sentenced defendant to 15 years' imprisonment for predatory criminal sexual assault of a child. The court stated the sentence was necessary because the offense was incredibly serious, constituted a brutal act, and had a profound impact on both the victim and her family.

At the close of the sentencing hearing, defense counsel stated:

"Since we're all here, Your Honor, this may expedite it. As I'm required by statute before he can take an appeal to file a motion to reconsider under the statute, Your Honor, I'll file one Monday. I'm gonna be here, Your Honor, in this courtroom on April 25th at 10:45. This'll be a five-minute motion, Your Honor. It is a four-minute motion, only requiring that time. There'll be no argument."

The motion to reduce sentence was filed on April 9, 2001, and stated in its entirety:

"Comes now defendant by his attorney [(defense counsel)] and moves for a reduction of his sentence pursuant to 730 ILCS 5/5—8—1(c)."

At the hearing on the motion to reconsider sentence the following exchange occurred:

"[DEFENSE COUNSEL]: As you remember, we sent the [d]efen-

dant to [prison]. This motion is here, your Honor, only for one reason, and that is, I must statutorily comply when there's a plea, to move to reconsider. That's a form argument only, your Honor. And that's it. Thank you, your Honor.

THE COURT: [Defense counsel], do I need a [Rule] 604(d) certificate? This was a plea of guilty wasn't it? I think I need a [Rule] 604(d) certificate.

[DEFENSE COUNSEL]: I think you do, Judge, and I'll prepare one and have it on file.

THE COURT: I'll rule as soon as you have that on file."

On April 27, 2001, defense counsel filed a certificate pursuant to Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)). On April 30, 2001, the trial court denied defendant's motion to reconsider sentence. This appeal followed.

■ Our supreme court, without exception, requires strict compliance with Rule 604(d). *People v. Foster*, 171 Ill. 2d 469, 474, 665 N.E.2d 823, 826 (1996). The rule requires more than the mere *pro forma* filing of a motion to reduce sentence. *People v. Keele*, 210 Ill. App. 3d 898, 902, 569 N.E.2d 301, 303 (1991).

Rule 604(d) requires, in pertinent part, that before an appeal may be taken from a judgment entered upon a plea of guilty, a defendant must file a motion to reconsider sentence within 30 days of the date on which the sentence is imposed if only the sentence is being challenged on appeal. The motion is required to be in writing and must state all the grounds upon which it is brought. A transcript of the hearing at which the guilty plea was entered is required to be prepared and furnished to the defendant at no cost if he is indigent. Defendant's attorney must also file with the trial court a certificate stating the attorney has consulted with the defendant either by mail or in person to ascertain the defendant's contentions of error in the sentence, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. Finally, upon appeal, any issue not raised by the defendant in the motion to reconsider sentence shall be deemed waived, *i.e.*, forfeited. 188 Ill. 2d R. 604(d).

■ We find defense counsel did not comply with Rule 604(d). Defense counsel filed a certificate pursuant to Rule 604(d) stating he consulted with defendant in person to ascertain his contentions of error in the sentence, examined the trial court file and report of proceedings of the plea of guilty, and made any amendments necessary for adequate presentation of any defects in those proceedings. The certificate was dated April 26, 2001, and filed with the trial court on

April 27, 2001. A review of the record, however, indicates the transcript of the proceedings on the plea of guilty was both prepared and filed with the trial court on May 24, 2001, making it impossible for defense counsel to have reviewed the report of proceedings prior to filing his Rule 604(d) certificate.

In addition, the motion to reconsider sentence filed by defense counsel did not state any reasons to support his request for reduction of sentence. According to Rule 604(d), any issues not stated in the motion have been waived for purposes of appeal. Thus, while defense counsel stated he was filing the motion in order to preserve defendant's appeal rights, he left defendant with no issues upon which to appeal. The mere act of filing a motion to reconsider sentence, a condition precedent to filing an appeal (see *People v. Jackson*, 239 Ill. App. 3d 165, 168, 606 N.E.2d 809, 811 (1992)), without including any grounds in support of the motion, cannot be considered strict compliance with Rule 604(d) because defendant is left with no appealable issues.

Therefore, in this case, counsel's motion was not in strict compliance with Rule 604(d) and defendant received only *pro forma* representation on his motion to reconsider sentence, thus requiring reversal and remand in order to obtain proper compliance with Rule 604(d) and the representation necessary to preserve issues for appeal.

We note in this case, not only was the transcript of the guilty plea proceeding not transcribed or filed with the trial court until long after the hearing on the motion to reconsider sentence, but the transcript of the sentencing proceeding was not filed until after that hearing either. Therefore, defense counsel could not have reviewed it prior to the hearing on the motion to reconsider sentence. As we have previously stated in *People v. Munetsi*, 283 Ill. App. 3d 326, 669 N.E.2d 1258 (1996), *overruled by People v. Fitzgibbon*, 184 Ill. 2d 320, 325-26, 704 N.E.2d 366, 369 (1998), such an omission hinders a "trial court's ability to rule on a motion to reconsider sentence because the trial court will be lacking defense counsel's scrutinization of defendant's sentencing hearing for errors" (*Munetsi*, 283 Ill. App. 3d at 336, 669 N.E.2d at 1265) and directly conflicts with the clear and express *policy* behind Rule 604(d), which is "to ensure errors in a defendant's trial court proceedings are 'easily and readily corrected, if called to the attention of the trial court,' so as to 'eliminate needless trips to the appellate court.'" *Munetsi*, 283 Ill. App. 3d at 336, 669 N.E.2d at 1265, quoting *People v. Wilk*, 124 Ill. 2d 93, 106, 529 N.E.2d 218, 223 (1988). Although Rule 604(d) does not explicitly require defense counsel to certify transcripts of a defendant's sentencing hearing have been reviewed, Rule 605(c)(5) requires an indigent defendant be provided with a transcript of his sentencing hearing and also that counsel be

appointed to assist the defendant with the preparation of motions (188 Ill. 2d R. 605(c)(5)). We held in *Munetsi* that Rule 604(d) should be interpreted to require such certification when a defendant has filed only a motion to reconsider sentence and has not filed a motion to withdraw guilty plea. *Munetsi*, 283 Ill. App. 3d at 334-35, 669 N.E.2d at 1264.

Our supreme court, although stating it was not unmindful of the concerns raised in *Munetsi*, declined to add this additional certification requirement to Rule 604(d). *People v. Fitzgibbon*, 184 Ill. 2d at 325-26, 704 N.E.2d at 369. The court found it was not a "legal necessity" to require defense counsel to certify review of a transcribed copy of a defendant's sentencing hearing when filing a motion to reconsider sentence in addition to the requirement of Rule 604(d) that defense counsel certify review of a transcribed copy of a defendant's guilty plea hearing because of the fundamental differences between the plea proceeding and the sentencing hearing. *Fitzgibbon*, 184 Ill. 2d at 326, 704 N.E.2d at 369. The court stated the plea proceeding results in a conviction and is the point at which a defendant foregoes his or her right to trial and the certification requirement of Rule 604(d), with respect to review of a transcript of the plea proceeding, serves as a review of the trial court's compliance with Rule 402 regarding admonishment of a defendant in open court regarding the consequences of a plea of guilty. *Fitzgibbon*, 184 Ill. 2d at 327, 704 N.E.2d at 369-70. The court found, although a sentencing hearing deserves careful scrutiny, the fundamental constitutional concerns regarding a plea proceeding are not present in a sentencing hearing. *Fitzgibbon*, 184 Ill. 2d at 327, 704 N.E.2d at 370.

However, the Illinois Constitution grants a defendant the right to appeal after a conviction. Ill. Const. 1970, art. VI, § 6. Without reading the transcript of the sentencing hearing, a defense counsel may not be able to properly preserve issues for appeal. As noted earlier, Rule 604(d) provides any issue not raised in the motion to reconsider sentence shall be deemed forfeited. If issues are forfeited because defense counsel is not required to review the transcript of the sentencing hearing, a defendant's constitutional right to appeal is worthless. Thus, the requirement that defense counsel certify review of the transcript of the sentencing hearing would help to preserve a defendant's constitutional rights to appeal after a conviction. Therefore, upon remand, as part of defense counsel's strict compliance with Rule 604(d), we conclude it is necessary to review the transcript for the sentencing hearing to preserve all of the available issues and guarantee defendant's full constitutional rights to appeal.

■ Finally, defendant also contends he is entitled to an additional

day of credit for time served in custody prior to sentencing. Pursuant to the presentence report, the trial court gave defendant credit for 218 days. He was in custody from August 31, 2000, to the date of his sentencing, April 6, 2001. This is actually 219 days. The State does not contest this contention and, on remand, the trial court should amend the sentencing order to award defendant one additional day of credit for time served.

We reverse and remand to the trial court to require defense counsel to review transcripts of defendant's sentencing hearing, amend his motion to reconsider sentence to provide *reasons* for a reduction in sentence and to have a meaningful hearing on the motion. In addition, the written judgment of sentence should be amended to reflect an additional day of sentence credit (219 days' credit).

Reversed and remanded with directions.

COOK, J., concurs.

JUSTICE TURNER, specially concurring in part and dissenting in part:

I concur in the majority opinion reversing and remanding for compliance with Rule 604(d). I dissent in the portion of the majority opinion directing the trial judge to require defense counsel to review a transcript of the sentencing hearing. Although I find merit in the majority's position, its opinion appears to sidestep our supreme court's decision in *Fitzgibbon*, 184 Ill. 2d at 326-27, 704 N.E.2d at 369. Accordingly, I respectfully and partially dissent.