JUSTICE KNECHT, specially concurring in part and dissenting in part: I concur except as to the postsentencing motion. The motion to reduce sentence in this case is meaningless. Defendant was denied the effective assistance of counsel at the postsentencing stage of her trial. Counsel missed two viable issues and appears to have given no consideration to any issues because the motion was prepared the same day as the sentencing hearing — whether before or after the hearing we do not know. While Rule 604(d) (188 Ill. 2d R. 604(d)) (effective November 1, 2000) does not apply here, the reasoning of People v. Little, 337 Ill. App. 3d 619, 786 N.E.2d 636 (2003), is applicable. All defendants deserve a measure of respect and attention from their counsel lest they believe — wrongly, I hope — that we are on an assembly line. Caseload and busy calendars are no justification for filing such a motion. I am not mollified because the majority has done a more thorough job than trial counsel and provided defendant some relief. Counsel should not manufacture issues that are frivolous, but something more meaningful than what occurred here is necessary to fulfill the professional obligation of counsel. The denial of the motion to reconsider or reduce sentence ought to be reversed and the case remanded so a new motion can be filed and a meaningful hearing conducted.