# Illinois Official Reports

## Appellate Court

---

**People v. Zendejas, 2017 IL App (2d) 160565**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUBEN ZENDEJAS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-16-0565 |
| Filed | August 8, 2017 |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, 15-CF-108; the Hon. Sharon L. Prather, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Bruce E. Brandwein and David M. Smolin, of Brandwein & Smolin, of Chicago, for appellant.<br><br>Patrick D. Kenneally, State's Attorney, of Woodstock (Patrick Delfino, Lawrence M. Bauer, and Aline B. Dias, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE HUDSON delivered the judgment of the court, with opinion.<br>Justices Schostok and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, Ruben Zendejas, appeals the denial of his motion to reconsider his sentence of 10 years' incarceration after he pleaded guilty to aggravated driving under the influence (625 ILCS 5/11-501(a)(6), (d)(1)(C) (West 2014)). Defendant was sentenced on May 27, 2016, and he moved to reconsider on June 10, 2016. On June 24, 2016, defendant's counsel filed an amended motion to reconsider and a certificate under Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016), stating in part:

> "2. That [counsel] discussed with the Defendant either by mail or in person his plea of guilty, his sentence of ten years IDOC and the Defendant's contentions of error in his sentence *or* the entry of the plea of guilty.
>
> ***
>
> 4. That [counsel] has examined the Trial Court file and report of proceedings of the plea of guilty and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.)

¶ 2        Defendant contends that his sentence was excessive. The State, however, observes that a remand might be required because the certificate did not strictly comply with Rule 604(d). We agree.

¶ 3        Our review is *de novo*. *People v. Prather*, 379 Ill. App. 3d 763, 768 (2008). Rule 604(d) requires strict compliance. *People v. Janes*, 158 Ill. 2d 27, 35 (1994). If the certificate did not strictly comply with the rule, we must remand the cause for the filing of a proper certificate and the opportunity to file a new postjudgment motion. *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011). Defendant argues that the State lacks standing to raise the adequacy of the certificate because the rule is for the protection of the defendant. However, "a Rule 604(d) certificate is primarily for the benefit of the trial and appellate courts." *People v. Munetsi*, 283 Ill. App. 3d 326, 333 (1996), *overruled on other grounds*, *People v. Fitzgibbon*, 184 Ill. 2d 320, 326 (1998). "[A] Rule 604(d) certificate, *and* its accompanying requirements, are *not* a personal right of a defendant and therefore *cannot* be waived by a defendant." (Emphases in original.) *Munetsi*, 283 Ill. App. 3d at 332-33; *cf. People v. Youngbey*, 82 Ill. 2d 556, 564-65 (1980) (a presentence report is for the enlightenment of the court as well as for the benefit of the defendant, and as such, it is not a personal right of the defendant that can be waived). Thus, not only does the State have the power to raise an issue concerning the certificate, but it is to be commended for doing so. *Munetsi*, 283 Ill. App. 3d at 333. We therefore address the State's contention.

¶ 4        Under Rule 604(d), which was recently amended:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, *** or, *** a motion to withdraw the plea of guilty and vacate the judgment.
>
> * * *
>
> *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty, has examined the trial court file and *both the report of proceedings*

> *of the plea of guilty and the report of proceedings in the sentencing hearing*, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphases added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

The amendment applies retroactively. *People v. Easton*, 2017 IL App (2d) 141180, ¶ 11.

¶ 5        Here, the certificate did not strictly comply with the amended rule. First, it did not state that counsel consulted with defendant about his "contentions of error in the sentence and the entry of the plea of guilty." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Instead of "and" it used the term "or," which is not in strict compliance with the rule. See *Easton*, 2017 IL App (2d) 141180, ¶¶ 3, 18. Second, the certificate did not state that the attorney had examined the report of proceedings of the sentencing hearing (and not merely of the proceedings on the plea of guilty). Thus, the certificate was defective and a remand is required.

¶ 6        We vacate the order denying defendant's motion to reconsider his sentence, and we remand for "(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *Lindsay*, 239 Ill. 2d at 531.

¶ 7        Vacated and remanded.