(No. 49281.—

JAMES A. ALTON, Adm'r, Appellant, v. BYERLY AVIA-TION, INC., Appellee.

*Opinion filed October 5, 1977.*

Roger V. Pierson and Matthew A. Maloney, of Princeton, for appellant.

John E. Cassidy, Jr., of Cassidy, Cassidy & Mueller, of Peoria, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, James Alton, administrator of the estate of Marty James Alton, deceased, appealed from the judgment of the circuit court of Peoria County entered in favor of the defendant, Byerly Aviation, Inc., upon allowance of its motion for summary judgment. The appellate court affirmed (44 Ill. App. 3d 571), and we allowed plaintiff's petition for leave to appeal.

In his complaint, filed within three months of the occurrence, plaintiff alleged that in violation of sections 7 and 9 of the Child Labor Law (Ill. Rev. Stat. 1973, ch. 48, pars. 31.7 and 31.9) defendant had illegally employed the decedent, a minor under the age of 16, and that he died as the result of defendant's negligence. Following allowance of defendant's motion to dismiss the complaint, plaintiff filed an amended complaint and defendant answered. Several months later defendant moved for summary judgment on the ground that plaintiff had failed to comply with section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a)), which in pertinent part provided:

> "Any illegally employed minor or his legal representatives shall *** have the right within 6 months after the time of injury or death, to file with the Commission a rejection of his right to the benefits under this Act, in which case such illegally employed minor or his legal representatives shall have the right to pursue his or their common law or statutory remedies to recover damages for such injury or death."

Attached to defendant's motion for summary judgment was the sworn statement of the Secretary of the Industrial Commission of Illinois that the Industrial Commission had received no rejection of the deceased's right to compensation.

In opposition to defendant's motion plaintiff filed a copy of a "Notice of rejection of rights under Workmen's Compensation Act" together with the affidavits of his attorney and two secretaries employed in the attorney's office that within the statutory period, and prior to the filing of the suit, an envelope, containing the rejection, properly addressed to the Commission's office and bearing plaintiff's attorney's return address, was deposited in the United States mail and that it was not returned to the attorney's office. The circuit court did not rule upon defendant's motion immediately but several months later

allowed the motion on the ground that plaintiff had failed to comply with section 1.25 of the construction of statutes act (Ill. Rev. Stat. 1973, ch. 131, par. 1.25), which, in pertinent part, provides that if a writing required to be filed with a State agency is mailed but not received, the sender must file a duplicate writing within 30 days after written notice by the agency of its nonreceipt.

In affirming the judgment the appellate court held that the filing of the rejection of the right to benefits under the Workmen's Compensation Act was a condition precedent to the bringing of plaintiff's action, and because the Industrial Commission did not actually receive the rejection within the statutory period, the action was barred.

Plaintiff contends that the effect of the appellate court's decision is to deny plaintiff the presumption that the notice, timely mailed, was received by the Industrial Commission and that the circuit court allowed the motion for summary judgment without deciding the factual question whether the notice was sent and received. Plaintiff contends further that under the rationale of *Dunbar v. Reiser,* 64 Ill. 2d 230, and *Saragusa v. City of Chicago,* 63 Ill. 2d 288, the filing of the suit within the statutory period for filing the rejection was sufficient compliance with the statute. Plaintiff argues too that because defendant did not in its earlier pleading assert the defense of failure to file the rejection and did so for the first time only after the statutory period had run, the defense was waived. Plaintiff points out that the judgment was not entered by the circuit court until after the expiration of both the six-month period for filing the rejection and the one-year period provided in section 6(c) (Ill. Rev. Stat. 1973, ch. 48, par. 138.6(c)) of the Workmen's Compensation Act for filing an application for adjustment of claim, thus precluding plaintiff from pursuing either remedy. It is defendant's position that the statute requires the actual filing of the rejection with the

Industrial Commission, and that the judgment of the appellate court should be affirmed. It argues, too, that the circuit court correctly held that the affidavit of the Secretary of the Industrial Commission, attached to its motion for summary judgment, was notification of non-receipt of the rejection and shows that plaintiff failed to file a duplicate rejection within 30 days.

Section 1.25 of the construction of statutes act in pertinent part provides that, unless the relevant statute specifically provided otherwise, a notice required to be filed with a State agency, "if mailed but not received by the State or political subdivision, *** shall be deemed filed with or received by the State or political subdivision to which it was required or authorized to be directed on the date it was mailed, but only if the sender establishes by competent evidence that the writing or payment was deposited, properly addressed, in the United States mail on or before the date on which it was required or authorized to be filed or was due." Ill. Rev. Stat. 1973, ch. 131, par. 1.25(2).

On this record we conclude that plaintiff sustained his burden of proof and "establishe[d] by competent evidence" the matters enumerated in the statute. We hold, too, that the affidavit of the Secretary of the Industrial Commission attached to defendant's motion was not the written notification contemplated by the statute. Under these circumstances, plaintiff has proved compliance with section 5(a) of the Workmen's Compensation Act and the circuit court erred in granting summary judgment. In view of the conclusion reached, we do not consider the other contentions made by the parties.

For the reasons stated, the judgments of the circuit and appellate courts are reversed and the cause is remanded to the circuit court of Peoria County for further proceedings consistent with this opinion.

*Reversed and remanded.*