THE LEAGUE OF WOMEN VOTERS OF GREATER PEORIA *et al.*, Plaintiffs-Appellees, *v.* MARY HARKRADER, Peoria County Clerk, Defendant (James E. Bartell, Intervening Defendant-Appellant).

Third District   No. 3—84—0543

Opinion filed September 4, 1984.

Phillip B. Lenzini, of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria, for appellant.

David A. Benckendorf, of Benckendorf & Benckendorf, of Peoria, for appellees.

PER CURIAM: The appellant-intervenor appeals from an order of the circuit court allowing the plaintiffs, League of Women Voters and Frances Kepler, to withdraw, and to subsequently refile, petitions submitted under section 28—3 of the Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 28—3) to the defendant, Mary Harkrader, clerk of Peoria County.

The plaintiffs initiated a signature drive on petitions to reduce the number of Peoria County Board members from 27 to 9. In conversations with a Peoria deputy county clerk, the plaintiffs inquired as to the number of signatures necessary in order to place their proposition on the ballot for the November 1984 ballot. The deputy clerk, after consulting a State Election Commission Handbook, mistakenly told them that the required number of signatures was statutorily established as 10% of the number of people who voted in the last election. The plaintiffs collected signatures in excess of this number and submitted their petitions to the county clerk.

The plaintiffs subsequently learned that the requisite number of signatures under section 28—7 was 10% of the number of people registered to vote in the last election. The plaintiffs had collected an insufficient number of signatures under the proper statutory measure. The plaintiffs, therefore, asked to withdraw their petitions. The county clerk refused. The plaintiffs filed the instant suit. The circuit court allowed the withdrawal of the petitions, which were then recirculated and refiled with additional signatures.

In their complaint, the plaintiffs alleged that the defendant clerk was equitably estopped from refusing to allow the withdrawal because

the clerk's office had negligently misrepresented the basis for computing the necessary number of signatures. The plaintiffs have cross-appealed, arguing that the intervenor's motion to intervene was improperly granted.

■ We initially find that the intervenor's motion to intervene was properly granted by the circuit court. The allowance of the motion to intervene is, therefore, affirmed.

■ ■ Addressing the issues raised by the intervenor, we find that the trial court was without jurisdiction to order the petitions returned in the face of the clear statutory mandate contained in section 28—3. We further find that the equitable estoppel principle was not properly applied in the instant case. A ministerial officer has no authority to give binding advice on legal questions which has the effect of overturning statutory pronouncements.

Therefore, the judgment of the circuit court allowing the intervenor's motion to intervene is affirmed; in all other respects, the judgment is reversed.

Affirmed in part; reversed in part.