ARTHUR W. NORRIS, JR., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*, (John Deere Harvester Works, Appellee.)

Third District (Industrial Commission Division)   No. 3—99—0672WC

Opinion filed June 1, 2000.

Richard A. Dahl, of Peoria, for appellant.

Steven L. Nelson, of Anderson & Nelson, of Rock Island, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Claimant, Arthur Norris, sought benefits under the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 1996)), for injuries sustained on March 2, 1993, while in the employ of John Deere Harvester Works (Deere). The arbitrator found that claimant suffered an accident arising out of and in the course of claimant's employment and awarded claimant 27¹/₇ weeks of temporary total disability benefits as well as a permanent partial disability benefit for 12.5% loss of the person as a whole. Disagreeing with the amounts of the award, claimant filed a petition for review with the Illinois Industrial Commission (Commission). Deere filed a motion to dismiss claimant's petition for review as being untimely. The Commission ruled that claimant's petition was untimely and granted Deere's motion to dismiss. Claimant then filed a petition for review with the circuit court of Rock Island County. The circuit court, Judge Ronald C. Taber presiding, denied the claimant's petition and confirmed the decision of the Commission. This appeal ensued.

At issue is whether a petition for review is considered to be timely *filed* with the Commission if the petition is placed in the mail on the thirtieth day after the claimant received the decision of the arbitrator. We hold that a petition for review is filed with the Commission when it is placed in the mail.

On July 13, 1998, the decision of arbitrator James Giordano was filed with the Commission. Return receipt forms in the record show that claimant's attorney received the decision on July 20, 1998. Section 19(b) of the Act requires that petitions for review must be filed within 30 days of receipt of the arbitrator's decision. 820 ILCS 305/19(b) (West 1996). The parties agree that the last day for filing a petition for review was August 19, 1998. An express mail receipt in the record establishes that the claimant's attorney placed the petition in the mail on August 19, 1998. The petition was file-stamped by the Commission on August 20, 1998.

Deere filed a motion to dismiss claimant's petition contending that

the "filing" requirement of section 19(b) of the Act requires actual physical receipt of the petition by the Commission on or before the due date. Claimant, relying upon section 1.25 of the Statute on Statutes (5 ILCS 70/1.25 (West 1996)), maintained that "filing" under the Act was accomplished upon placing the petition in the mail properly posted and addressed to the Commission. The Commission held that only actual receipt of the petition constituted "filing" under the Act. The circuit court confirmed the decision of the Commission.

The issue at hand, what constitutes "filing" under section 19(b) of the Act, is a matter of statutory construction, which is a question of law that this court considers *de novo*. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254 (1995).

Section 19(b) of the Act provides in relevant part:

> "Unless a petition for review is filed by either party within 30 days after the receipt by such party of the copy of the decision *** then the decision shall become the decision of the Commission and in the absence of fraud shall be conclusive." 820 ILCS 305/19(b) (West 1996).

We must determine what the legislature intended by use of the term "filed." The fundamental tenet of statutory construction requires a court to determine the intent of the legislature as it is revealed in the plain and unambiguous language in a statute. *City of East St. Louis v. Union Electric Co.*, 37 Ill. 2d 537, 542 (1967). Whenever a word or phrase used in a statute becomes an issue in a case, "its strict meaning is not as important as the sense in which it was used by the lawmaking body." *East St. Louis*, 37 Ill. 2d at 542. Moreover, "[a] statute capable of two interpretations should be given that which is reasonable and which will not produce absurd, unjust, unreasonable or inconvenient results that the legislature could not have intended." *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993). However, when parties present evenly plausible but divergent interpretations of the same statutory language, a court may find the statute ambiguous. See *People v. Jameson*, 162 Ill. 2d 282, 288 (1994) (reasoning that a statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses).

Here, claimant maintains that section 19(b) is silent as to when a petition is considered to have been "filed." He suggests that the term "filed" should be interpreted to mean "placed in the U.S. mail," *i.e.*, the mailbox rule. Deere suggests that the term "filed" means when the document is actually received and file-stamped by the Commission. We find that, considering the language of the statute alone, each party's interpretation is equally plausible and neither would produce

absurd, unjust, unreasonable or inconvenient results that the legislature could not have intended. We therefore consider the Act to be ambiguous as to when the legislature intended a petition for review to have been "filed" with the Commission.

When a statute is ambiguous, it is appropriate to look to other sources to ascertain legislative intent. *In re Marriage of Logston*, 103 Ill. 2d 266, 279 (1984). Claimant suggests the answer lies in section 1.25 of the Statute on Statutes (5 ILCS 70/1.25 (West 1996)), which provides:

"Unless [a]n Act otherwise specifically provides, any writing of any kind or description required or authorized to be *filed* with *** the State or any political subdivision thereof, by the laws of this State:

(1) if transmitted through the United States mail, shall be deemed *filed* with or received by the State or political subdivision on the date shown by the post office cancellation mark stamped on the envelope or other wrapping containing it." 5 ILCS 70/1.25 (West 1996).

In *Alton v. Byerly Aviation, Inc.*, 68 Ill. 2d 19 (1977), our supreme court was asked to determine whether a party had complied with section 5(a) of the Act by mailing as opposed to actual receipt by the Commission. Section 5(a) of the Act, in pertinent part, provided:

"Any illegally employed minor or his legal representatives shall *** have the right within 6 months after the time of injury or death *** to *file* with the Commission a rejection of his right to the benefits under this Act, in which case such illegally employed minor or his legal representatives shall have the right to pursue his or their common law or statutory remedies to recover damages for such injury or death." Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a) (now 820 ILCS 305/5(a) (West 1996)).

Relying upon section 1.25 of the Statute on Statutes, the court held that the date of "filing" was the date the document was placed in the mail to the Commission. *Alton v. Byerly Aviation, Inc.*, 68 Ill. 2d 19, 23 (1977). Deere argues that *Alton* should not apply to the situation at bar, as *Alton* involved the filing of a "notice" while the matter at bar concerns the filing of a "petition." Deere maintains that the "petition" was jurisdictional while the notice was not.

Deere's argument is not convincing. *Alton* clearly establishes that section 1.25 of the Statute on Statutes applies where a question arises as to when a "document" is deemed to have been "filed" with the Commission. Section 1.25 clearly provides that "any writing of any kind" required to be filed with the Commission "shall be deemed filed *** on the date shown by the post office cancellation mark." 5 ILCS 70/1.25 (West 1996). The phrase "any writing of any kind" must obvi-

ously include both notices and petitions; both documents conferring jurisdiction and those merely giving notice.

We also note that our supreme court has found that section 1.25 of the Statute on Statutes is part of a modern trend toward equating time of mailing with actual receipt. See *Harrisburg-Raleigh Airport Authority v. Department of Revenue*, 126 Ill. 2d 326, 340-41 (1989).

The Commission, in refusing to accept the date of mailing as the filing date, referred to its rule allowing for the filing of authenticated transcripts by mail. The rule provides that if the transcripts or statement of exceptions is filed with the Commission by mail, it will be considered timely if postmarked two days prior to the due date. The Commission held that since no similar rule exists regarding the use of mail for petitions for review, it would not recognize the postmarked date as the filing date.

The Commission also held that if the postmark date were considered to be the "filing" date, it would, in effect, amount to an extension of the statutory 30-day filing period.

While it is true that in cases involving the interpretation of a statute by an agency charged with administering it the agency's interpretation is afforded considerable deference, it is not binding on the court and will be rejected if erroneous. *Denton v. Civil Service Comm'n*, 176 Ill. 2d 144, 148 (1997); *Shannon v. Industrial Comm'n*, 160 Ill. App. 3d 520, 522 (1987). Here, we cannot agree with the Commission's interpretation that using the postmark date as the date of filing would amount to an extension of the 30-day filing period. Parties will still have 30 days in which to file a petition for review. The document will simply be deemed "filed" when mailed rather than when received. Further, in view of the clear statutory mandate of section 1.25 of the Statute on Statutes to consider any document of any kind filed with the Commission as filed when postmarked, we must reject the Commission's interpretation to the contrary.

As we find that claimant's petition for review was filed with the Commission in a timely manner, we therefore reverse the judgment of the circuit court and remand for a finding that claimant's petition for review was timely.

In view of our holding that the matter be reversed and remanded for a finding that claimant's petition for review was timely, we need not address claimant's other arguments in favor of reversing the circuit court's judgment.

The judgment of the circuit court of Rock Island County is reversed and the cause remanded for a finding that the petition for

review was filed timely and for further action consistent with this disposition.

Reversed and remanded.

McCULLOUGH, P.J., and RAKOWSKI, RARICK, and COLWELL, JJ., concur.