772 N.E.2d 271 (2002)
331 Ill. App.3d 628
265 Ill.Dec. 233
Acie C. CLARK, Individually and on Behalf of All Others Similarly Situated, Plaintiff-Appellee,
v.
TAP PHARMACEUTICAL PRODUCTS, INC., TAP Pharmaceuticals, Inc., and Abbott Laboratories, Inc., Defendants-Appellants.
No. 5-02-0101.
Appellate Court of Illinois, Fifth District.
June 4, 2002.
Rehearing Denied July 10, 2002
*272 Joshua T. Buchman, McDermott, Will & Emery, Chicago for Abbott Laboratories, Inc.
Daniel E. Reidy, Tina M. Tabacchi, Anastasia Katinas, Jones, Day, Reavis & Pogue, Chicago, for TAP Pharmaceutical Products, Inc. and TAP Pharmaceuticals, Inc.
Robert M. Foote, Craig S. Mielke, Foote, Meyers, Mielke & Flowers, LLC, Geneva; Barry Wesley, Barrett, Twomey, Broom, Hughes & Wesley, Carbondale, for Appellee.
Justice WELCH delivered the opinion of the court:
The issue before this court is whether the date that a jurisdictional document is placed in the custody of a private courier for transmittal to the reviewing court may be treated as its constructive filing date for the purpose of Supreme Court Rule 373 (155 Ill.2d R. 373) if it is received by the reviewing court after the expiration of the appeal period.
The defendants, TAP Pharmaceutical Products, Inc., TAP Pharmaceuticals, Inc., and Abbott Laboratories, Inc. (collectively referred to as TAP), petitioned this court pursuant to Supreme Court Rule 306(a)(2) (166 Ill.2d R. 306(a)(2)) for leave to appeal from an order entered in the circuit court of Williamson County denying TAP's motion to transfer the case to Lake County under the doctrine of intrastate forum non conveniens. The plaintiff, Acie C. Clark, who brought this action on behalf of himself and others similarly situated, contends that the petition for leave to appeal is untimely and fails to vest this court with jurisdiction because it arrived beyond the obligatory 30-day filing period (166 Ill.2d R. 306(b)). At the court's direction, the parties have briefed the issue of the timeliness of the petition for leave to appeal.
The following facts and chronology are not in dispute. The order denying TAP's motion to transfer venue was entered on January 7, 2002. TAP's petition for leave to appeal was sent to this court for filing by private courier, Federal Express, on Wednesday, February 6, 2002. The petition arrived in this court and was filed on February 8, 2002, which was 32 days after the entry of the order and 2 days after the expiration of the 30-day appeal period (166 Ill.2d R. 306(b)), Although a private courier was used to transmit the petition to the reviewing court, the proof of service indicates that copies of the petition were served on opposing counsel on February 6, 2002, by first-class mail, with postage prepaid.
Clark challenges the timeliness of the petition for leave to appeal because it was not received and filed in this court within *273 the original filing period and was not accompanied by a certificate of mailing indicating that it had been mailed to this court for filing no later than the last day of the appeal period. Clark asserts that had the petition been accompanied by a certificate of mailing in the manner prescribed by Supreme Court Rule 12(b)(3) (145 Ill.2d R. 12(b)(3)), indicating that it had been placed in the United States mail no later than February 6, 2002, with postage fully prepaid, the date of mailing would have served as the petition's constructive filing date by operation of Supreme Court Rule 373. Rule 373 provides that in the event that a paper arrives after its due date, it is deemed to be constructively filed in the reviewing court on the date it is mailed to the court. TAP asserts that the petition for leave to appeal was timely filed under Supreme Court Rule 373, because it was delivered to Federal Express on February 6, 2002, for transmittal to the appellate court. In an affidavit accompanying TAP's joint brief in response to this court's briefing order, counsel avers:
"On January 29, 2002, I communicated via telephone with the Fifth District Appellate Court Clerk's Office at telephone number XXX-XXX-XXXX. In response to my inquiry regarding the filing of [TAP's] Petition, the Clerk's Office stated that it was proper to send the Petition to the Court for filing on the due date, February 6, 2002, via overnight courier service, Federal Express."
Counsel further avers that Federal Express's online tracking service confirmed that the petition was shipped on February 6, 2002, that it arrived at the appellate courthouse on February 7, 2002, after the office was closed, and that it was delivered the next morning at 9:25 a.m.
Our inquiry begins with an examination of Supreme Court Rule 373, also referred to as the mailbox rule, which provides in pertinent part as follows:
"[T]he time of filing records, briefs[,] or other papers required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12(b)(3). This rule also applies to the notice of appeal filed in the trial court." 155 Ill.2d R. 373.
The rule was amended in 1993 to achieve two purposes: (1) to harmonize the rule with existing law by treating the mailing date of a notice of appeal as its constructive filing date (see Harrisburg-Raleigh Airport Authority v. Department of Revenue, 126 Ill.2d 326, 127 Ill.Dec. 944, 533 N.E.2d 1072 (1989)) and (2) to require that the method of mailing a document to the reviewing court or a notice of appeal to the trial court be consistent with the requirements of proof of service as defined under Supreme Court Rule 12(b)(3). 155 Ill.2d R. 373, Commentary.
Under Supreme Court Rule 12(b)(3), proof of service is established by the certificate of an attorney, or the affidavit of a person other than an attorney, indicating that the document was placed in the mail with postage fully prepaid, and the certificate must also provide details as to when the document was placed in the mail and the complete address to which it was sent. Supreme Court Rule 11(b)(3) (145 Ill.2d R. 11(b)(3)) provides that proof of service may be perfected by placing a document "in a United States post office or post-office box, enclosed in an envelope * * * with postage fully prepaid." There is no express language in these rules sanctioning service by private courier; to the contrary, the only medium sanctioned under the rules is the United States Postal Service.
*274 We read Supreme Court Rules 11(b)(3), 12(b)(3), and 373 in pari materia and hold that a constructive filing under the mailbox rule cannot be achieved by the use of a private courier. Our holding is in accord with section 1.25 of the Statute on Statutes, which provides in pertinent part as follows:
"Unless [a]n [a]ct otherwise specifically provides, any writing of any kind or description required or authorized to be filed with, and any payment of any kind or description required or authorized to be paid to, the State or any political subdivision thereof, by the laws of this State:
(1) if transmitted through the United States mail, shall be deemed filed with or received by the State or political subdivision on the date shown by the post office cancellation mark stamped upon the envelope or other wrapper containing it;
(2) if mailed but not received by the State or political subdivision, or if received but without a cancellation mark or with the cancellation mark illegible or erroneous, shall be deemed filed with or received by the State or political subdivision to which it was required or authorized to be directed on the date it was mailed, but only if the sender establishes by competent evidence that the writing or payment was deposited, properly addressed, in the United States mail on or before the date on which it was required or authorized to be filed or was due." 5 ILCS 70/1.25 (West 2000).
See also Norris v. Industrial Comm'n, 313 Ill.App.3d 993, 997, 246 Ill.Dec. 719, 730 N.E.2d 1184, 1188 (2000) (the petition for review was deemed timely where it was mailed to the Industrial Commission on the last day of the filing period, even though it was received by the Industrial Commission after the filing deadline).
Our holding does not end our analysis, however, because we must address TAP's contention that the method of transmittal was broached by its counsel during a telephone call to a member of this court's clerk's office and counsel was advised that the use of Federal Express to transmit the petition for leave to appeal would suffice under the mailbox rule. Even if the allegations in TAP's counsel's affidavit were accepted at face value, TAP may not use the misinformed advice of a ministerial officer as a shield to protect against an otherwise untimely filing. The supreme court rules are" promulgated by our supreme court pursuant to authority derived under article VI, section 16, of the Illinois Constitution (Ill. Const.1970, art. IV, § 16). There is no provision in our constitution that allows a ministerial officer of the appellate court to exempt a party from strictly adhering to the rules, Supreme Court Rule 373 in particular. Cf. League of Women Voters of Greater Peoria v. Harkrader, 127 Ill.App.3d 438, 440, 82 Ill.Dec. 721, 469 N.E.2d 255, 256-57 (1984) (because a ministerial officer cannot give binding advice that has the effect of overturning a statute, the parties could not overcome an insufficient number of signatures on petitions to place a proposition on the election ballot on the basis that they acted on incorrect advice given by a deputy circuit clerk). To the extent advice was sought from a ministerial member of clerk's office staff and TAP acted upon it, TAP did so at its own peril.
For the reasons set forth above, TAP's petition for leave to appeal is untimely and fails to vest this court with jurisdiction. Accordingly, the appeal is dismissed.
Appeal dismissed.
RARICK, J., concurs.
*275 Presiding Justice MAAG, specially concurring:
I concur. I write separately solely to express my personal view that any decision other than that reached would lead to absurd results in future cases.
It is apparent that the United States Postal Service enjoys a special status under the law not accorded other entities. Why? Because as a United States government entity constitutionally created by the Founding Fathers, there is an inherent reliability and continuity that is recognized. Federal Express is a fine and reliable private corporation. Many other fine, reliable private couriers exist alongside many unreliable couriers. These other couriers range from youths on bicycles to small businesses that enter and leave the courier service on a whim. It would be unreasonable and unwise to allow a party to receive the benefits of the constructive filing rule regardless of which courier is utilized. The United States Postal Service operates under regulations carrying the force of federal law. Regulation of the mail service is extensive.
The law often requires choices to be made. For a party to obtain the benefits of the constructive filing rule, the supreme court rules require the use of the United States Postal Service. Other couriers may be chosen, but the benefit of using the post office is forfeited in such a case.