966 N.E.2d 356 (2012)
359 Ill. Dec. 35
Mark GRUSZECZKA, Appellant and Cross-Appellee,
v.
The ILLINOIS WORKERS' COMPENSATION COMMISSION et al. (Alliance Contractors, Appellee and Cross-Appellant).
No. 2-10-1049WC.
Appellate Court of Illinois, Second District, Workers' Compensation Commission Division.
February 14, 2012.
Rehearing Denied March 20, 2012.
*357 Nigel S. Smith, Law Offices of Peter F. Ferracuti, P.C., Ottawa, for Mark Gruszeczka.
Daniel R. Egan, Jeffrey T. Rusin, Rusin Maciorowski & Friedman, Ltd., Chicago, for Alliance Contractors.

OPINION
Justice HOFFMAN delivered the judgment of the court, with opinion:
¶ 1 The claimant, Mark Gruszeczka, appeals from an order of the circuit court of McHenry County which affirmed a decision of the Illinois Workers' Compensation Commission (Commission), denying him benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 et seq. (West 2002)) for injuries that he allegedly sustained on July 21, 2004, while working for Alliance Contractors (Alliance). Alliance filed a cross-appeal from the circuit court's denial of its motion to dismiss the claimant's action for judicial review of the Commission's decision for want of jurisdiction. For the reasons which follow, we vacate the judgment of the circuit court as having been entered in the absence of subject-matter jurisdiction and dismiss the claimant's appeal.
¶ 2 The facts necessary to our resolution of this case are not in dispute. The claimant filed an application for adjustment of claim with the Commission, seeking benefits under the Act for injuries that he allegedly sustained on July 21, 2004, while working for Alliance. Following a hearing, an arbitrator issued a decision denying the claimant benefits. The arbitrator found that the claimant did not sustain injuries arising out of and in the course of his employment with Alliance. The arbitrator also found that, assuming the claimant fell while working on July 21, 2004, he failed to prove by a preponderance of the evidence that his condition of ill-being was causally related to his claimed work accident.
¶ 3 The claimant sought review of the arbitrator's decision before the Commission. In a unanimous decision, the Commission affirmed and adopted the arbitrator's decision. A copy of the Commission's decision was received in the office of the claimant's attorney on April 20, 2009.
¶ 4 The claimant sought judicial review of the Commission's decision. The claimant's request for the issuance of summons and his attorney's affidavit of payment of the probable cost of the record were file stamped by the clerk of the circuit court of De Kalb County on May 14, 2009, a date 24 days after the claimant's attorney received the Commission's decision. In his brief, the claimant concedes that "there is no evidence of when the Circuit Court Clerk received the documents."
*358 ¶ 5 Alliance filed a motion in the circuit court of De Kalb County arguing both that the circuit court lacked jurisdiction to entertain the claimant's action for judicial review because it was filed more that 20 days after the Commission's decision was received by the claimant's attorney and that venue was improper in the circuit court of De Kalb County as Alliance is located in McHenry County. The claimant responded to the motion, arguing that he fulfilled the jurisdictional requirement for the filing of an action for judicial review of a decision of the Commission by mailing all of the necessary documents to the clerk of the court within 20 days of his attorney's receipt of the decision. Attached to the claimant's response were the affidavits of his attorney and of Coreen Berg, a clerk in the attorney's office. In her affidavit, Berg states that on May 4, 2009, she mailed to the clerk of the circuit court the claimant's request for the issuance of summons, summons to the defendants, a certificate of mailing, the attorney's affidavit of payment of the probable cost of the record, and checks for both filing fees and for the certified mailing of the summons. As to the issue of venue, the claimant argued that the circuit court of De Kalb County was an appropriate venue because he was injured while working in De Kalb County.
¶ 6 An order was entered in the circuit court of De Kalb County, denying Alliance's motion to dismiss the claimant's action for want of jurisdiction and granting its motion to transfer venue of the cause to the circuit court of McHenry County. Following the transfer of the matter to the circuit court of McHenry County, Alliance filed a motion to reconsider the denial of its motion to dismiss. The circuit court denied the motion to reconsider.
¶ 7 On the merits of the claimant's action for judicial review, the circuit court of McHenry County confirmed the Commission's decision denying the claimant benefits under the Act. Thereafter, the claimant appealed and Alliance cross-appealed.
¶ 8 We address first Alliance's cross-appeal from the denial of its motion to dismiss the claimant's action for judicial review of the Commission's decision. Alliance argues, as it did before the circuit court, that the requisite subject-matter jurisdiction to entertain the claimant's action for judicial review was lacking because the action was not filed with the clerk of the circuit court within 20 days of receipt of the Commission's decision by the claimant's attorney. The claimant asserts that proof of the mailing of all of the necessary documents to the clerk of the court within the 20-day period is sufficient to vest the circuit court with subject-matter jurisdiction.
¶ 9 The jurisdiction exercised by the circuit court under the Act is a special statutory jurisdiction, and the circuit court can obtain jurisdiction over such a proceeding only in the manner provided by the statute. Peter H. Clark Lodge No. 483 v. Industrial Comm'n, 48 Ill.2d 64, 68, 268 N.E.2d 382 (1971). Section 19(f)(1) of the Act provides that a proceeding for judicial review of a Commission decision "shall be commenced within 20 days of the receipt of notice of the decision." 820 ILCS 305/19(f)(1) (West 2008). Our supreme court has consistently held that the timely filing of a request for the issuance of a summons and the timely exhibition of proof of payment for the probable cost of the record are jurisdictional requirements which must be strictly adhered to in order to vest the circuit court with subject-matter jurisdiction over a judicial review action under the Act. Jones v. Industrial Comm'n, 188 Ill.2d 314, 320, 242 Ill.Dec. 284, 721 N.E.2d 563 (1999).
¶ 10 It is undisputed that the Commission's decision in this case was received *359 in the office of the claimant's attorney on April 20, 2009. It is also undisputed that the claimant's request for the issuance of summons and his attorney's affidavit of payment of the probable cost of the record were file stamped May 14, 2009, by the clerk of the circuit court of De Kalb County, 24 days after the receipt of the decision by the claimant's attorney. Further, there is no evidence in the record that the claimant's request for the issuance of summons and his attorney's affidavit of payment of the probable cost of the record were received by the clerk of the circuit court of De Kalb County prior to May 14, 2009.
¶ 11 Nevertheless, the claimant takes the position that the circuit court acquired subject-matter jurisdiction over his judicial review action when Berg mailed a request for the issuance of summons, his attorney's affidavit of payment of the probable cost of the record, and the necessary filing fees to the clerk of the circuit court of De Kalb County on May 4, 2009, a date within 20 days of the receipt of the Commission's decision. In so doing, the claimant advocates the adoption of a "mailbox rule" applicable to the commencement of an action in the circuit court for judicial review under section 19(f)(1) of the Act, asserting that the time of the mailing of the documents necessary to prosecute an such action to the clerk of the circuit court is the time of filing for jurisdictional purposes. In support of the proposition, the claimant relies heavily upon our supreme court's decision in Harrisburg-Raleigh Airport Authority v. Department of Revenue, 126 Ill.2d 326, 127 Ill.Dec. 944, 533 N.E.2d 1072 (1989), which adopted a mailbox rule applicable to the filing of as notice of appeal from a decision of the circuit court to the appellate court. The dissenters find support in this court's decision in Norris v. Industrial Comm'n, 313 Ill.App.3d 993, 246 Ill.Dec. 719, 730 N.E.2d 1184 (2000), which adopted a mailbox rule applicable to the filing of a petition before the Commission for a review of an arbitrator's decision under section 19(b) of the Act (820 ILCS 305/19(b) (West 2008)). We believe, however, that the claimant's reliance upon Harrisburg-Raleigh Airport Authority is misplaced, and we decline to follow Norris for the following reasons.
¶ 12 In Harrisburg-Raleigh Airport Authority, the supreme court adopted a rule applicable to the filing of a notice of appeal. In so doing, the supreme court interpreted one of its own rules, Illinois Supreme Court Rule 303(a) (eff. July 1, 1984), and exercised its constitutional power to "provide by rule for expeditious and inexpensive appeals" (Ill. Const.1970, art. VI, § 16). In this case, we are not dealing with the interpretation or modification of a rule adopted by the judiciary; rather, we are dealing with the interpretation of a legislative enactment. Our function, therefore, is to determine the intent of the legislature as revealed by the language of the statute (City of East St. Louis v. Union Electric Co., 37 Ill.2d 537, 542, 229 N.E.2d 522 (1967)); not to modify a rule "to take into account the widespread practice of filing documents by mail" as was the case in Harrisburg-Raleigh Airport Authority, 126 Ill. 2d at 340, 127 Ill.Dec. 944, 533 N.E.2d 1072. Although the supreme court certainly has the authority to modify one of its own rules to take into account modern trends (see Harrisburg-Raleigh Airport Authority, 126 Ill.2d at 340, 127 Ill.Dec. 944, 533 N.E.2d 1072), we know of no authority, nor has the claimant cited any, authorizing the judiciary to modify a legislative enactment to comport with some perceived modern policy or trend.
¶ 13 As noted, our sole function is to interpret a statute which provides that a proceeding for judicial review of a Commission decision "shall be commenced within 20 days of the receipt of notice of *360 the decision." 820 ILCS 305/19(f)(1) (West 2008). Section 2-201 of the Code of Civil Procedure states, in relevant part, that: "Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint." 735 ILCS 5/2-201(a) (West 2008). This statute has always been interpreted to mean that the commencement date is the date upon which the complaint is received by the clerk of the court, not the date that the document was mailed to the clerk. Kelly v. Mazzie, 207 Ill.App.3d 251, 253-54, 152 Ill.Dec. 186, 565 N.E.2d 719 (1990). That same conclusion has been reached in cases commenced by the filing of documents other than a complaint. See Wilkins v. Dellenback, 149 Ill.App.3d 549, 553, 102 Ill. Dec. 799, 500 N.E.2d 692 (1986). In our case, section 19(f)(1) of the Act provides for the commencement of an action for judicial review of a Commission decision by the filing of a request for summons along with evidence of payment of the probable cost of the record. 820 ILCS 305/19(f)(1) (West 2008). We find no valid reason to deviate from the holdings or reasoning in either Kelly or Wilkins when interpreting the commencement date of an action under section 19(f)(1).
¶ 14 Section 19(f)(1) does not contain a "mailbox rule," but the legislature certainly knows how to provide for such a rule when it desires to do so. See 5 ILCS 70/1.25 (West 2008). If a mailbox rule were to be engrafted upon the 20-day commencement period mandated in section 19(f)(1), it is the legislature that must do so, not the judiciary under guise of statutory interpretation. We believe that the mailbox rule advocated by the claimant in this case would extend the 20-day commencement period for an action seeking judicial review of a decision of the Commission for that period of time during which the required documents are en route to the clerk of the circuit court via the post office, however long that might take. In this case, it appears that it took some 10 days for the necessary documents to reach the clerk of the circuit court.
¶ 15 The cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. People ex rel. Hanrahan v. White, 52 Ill.2d 70, 73, 285 N.E.2d 129 (1972). When the language of the statute is clear and unambiguous, courts must interpret the statute according to its terms without resorting to aids of construction. Branson v. Department of Revenue, 168 Ill.2d 247, 254, 213 Ill.Dec. 615, 659 N.E.2d 961 (1995). When, as in this case, an unambiguous term is not specifically defined, it should be given its plain and ordinary meaning. Hayes v. Mercy Hospital & Medical Center, 136 Ill.2d 450, 455, 145 Ill.Dec. 894, 557 N.E.2d 873 (1990). To commence means to begin or to start (Webster's Third New International Dictionary 456 (1981)). We are at a loss to understand how one can begin or start any action in the circuit court before the necessary documentation is presented to the clerk of the court.
¶ 16 We hold, therefore, that the claimant failed to commence his action for judicial review within the 20-day period mandated in section 19(f)(1) of the Act; and, as a consequence, we vacate the judgment of the circuit court as having been entered in the absence of subject-matter jurisdiction, and we dismiss the claimant's appeal.
¶ 17 Judgement vacated and appeal dismissed.
Presiding Justice McCULLOUGH and Justice HUDSON concurred in the judgment and opinion.
Justice STEWART dissented, with opinion, joined by Justice HOLDRIDGE.
Justice HOLDRIDGE dissented, with opinion.
*361 ¶ 18 Justice STEWART, dissenting:
¶ 19 This case squarely raises the issue of whether the mailbox rule should be applied in appeals from the Commission to the circuit court. This is an issue of first impression, and it requires that the court determine whether proof of timely mailing of all necessary jurisdictional documents is sufficient to vest the circuit court with subject-matter jurisdiction pursuant to section 19(f)(1) of the Act. 820 ILCS 305/19(f)(1) (West 2008). Section 19(f)(1) requires that a proceeding for review in the circuit court be commenced within 20 days of a party's receipt of the decision of the Commission. The claimant argues that proof of mailing of the necessary jurisdictional documents within the 20 day period is sufficient. The employer argues that the necessary documents must be file-marked by the clerk of the circuit court within 20 days in order to vest the circuit court with subject-matter jurisdiction. I agree with the claimant and would hold that the mailbox rule applies to the filing of appeals from the Commission to the circuit court. Therefore, I respectfully dissent.
¶ 20 I find guidance in previous decisions which hold the mailbox rule applicable to the filing of jurisdictional documents in appeals. In doing so, I note that the mailbox rule has been applied to the filing of a petition for review from an arbitrator to the Commission. Norris v. Industrial Comm'n, 313 Ill.App.3d 993, 994, 246 Ill. Dec. 719, 730 N.E.2d 1184, 1186 (2000)[1]. Likewise, a notice of appeal filed in the circuit court to prosecute an appeal to the appellate court is deemed filed on the date of mailing. Harrisburg-Raleigh Airport Authority v. Department of Revenue, 126 Ill.2d 326, 340, 127 Ill.Dec. 944, 533 N.E.2d 1072, 1078 (1989). Further, an attorney's affidavit of proof of payment of the probable cost of the record is sufficient if it alleges payment has been mailed within the 20 day period, in order to show that payment has been "made" under the Act. Lasley Construction Co. v. Industrial Comm'n, 274 Ill.App.3d 890, 894, 211 Ill. Dec. 345, 655 N.E.2d 5, 8 (1995). Thus, in all other jurisdictional steps for appeals of workers' compensation cases through the appellate court it has been held that the mailbox rule applies. I see no reason to rule otherwise in appeals from the Commission to the circuit court.
¶ 21 In holding that the date of mailing should be deemed the date of filing of a notice of appeal in Harrisburg-Raleigh Airport Authority, our supreme court reasoned by analogy to Illinois Supreme Court Rule 373 (eff. Dec. 29, 2009), and to section 1.25(1) of the Statute on Statutes (5 ILCS 70/1.25 (West 2008)). Although Supreme Court Rule 373 has since been amended to specifically apply to the filing of a notice of appeal, the court noted that the text of the rule at that time only applied to documents filed in a reviewing court. Nevertheless, the rule provided then, as it does now, that for documents filed in a reviewing court which are received after the due date, "the time of mailing * * * shall be deemed the time of filing." Ill. S.Ct. R. 373 (eff. Dec. 29, 2009). Likewise, section 1.25 of the Statute on Statutes provided then, as it does now, *362 that any document required or authorized to be filed with the State or any political subdivision "if transmitted through the United States mail, shall be deemed filed * * * on the date shown by the post office cancellation mark" or if none, "on the date it was mailed" as shown by competent proof. 5 ILCS 70/1.25 (West 2008).
¶ 22 The court noted that although Rule 373 did not apply to documents filed in the circuit court and that section 1.25 did not apply to the judiciary, "together they evince the modern policy of equating time of mailing with actual receipt." Harrisburg-Raleigh Airport Authority, 126 Ill.2d at 341, 127 Ill.Dec. 944, 533 N.E.2d at 1078. The court also based its decision on its interpretation of Illinois Supreme Court Rule 303 (eff. May 30, 2008), which required that a notice of appeal be "filed with the clerk of the circuit court within 30 days." In determining that a notice of appeal that is mailed within the 30-day period but received thereafter is timely filed, the court stated:
"Our conclusion follows from a reading of the words `filed with the clerk of the circuit,' considered in the light of modern policies and practices. The rule itself contains no definition of this phrase. And while older case law has held that papers are not filed until actually committed to the control and custody of the clerk [citation] more recent authority suggests that this rule should be modified to take into account the widespread practice of filing documents by mail." Harrisburg-Raleigh Airport Authority, 126 Ill.2d at 340, 127 Ill.Dec. 944, 533 N.E.2d at 1078.
The same reasoning applies to the interpretation of section 19(f)(1) of the Act. Although the Act provides no definition of what must be done for a proceeding for review to be "commenced" or for a request for summons to be "filed" with the circuit clerk, consistent with Harrisburg-Raleigh Airport Authority, I would interpret the statute in light of modern promailing policies and practices.
¶ 23 The majority seeks to distinguish Harrisburg-Raleigh Airport Authority because in that case the supreme court was interpreting "one of its own rules," rather than a statute. I do not believe the supreme court's opinion can be distinguished on that basis. It is well settled, and explicit in Illinois Supreme Court Rule 2(a) (eff. May 30, 2008), that supreme court rules are to be construed in the same manner as statutes are construed. See People v. Fitzgibbon, 184 Ill.2d 320, 328, 235 Ill.Dec. 17, 704 N.E.2d 366, 370 (1998) (supreme court rules are to be construed in the same manner as statutes are construed); Ill. S.Ct. R. 2(a), Committee Comments (revised July 1, 1971) ("Paragraph (a) makes it clear that the same principles that govern the construction of statutes are applicable to the rules."). Thus, it is appropriate to follow supreme court precedent construing "one of its own rules" in determining the proper construction of section 19(f)(1) of the Act.
¶ 24 The majority also cites cases holding that the mailbox rule does not apply to the filing of original actions in the circuit court. See Kelly v. Mazzie, 207 Ill.App.3d 251, 253-54, 152 Ill.Dec. 186, 565 N.E.2d 719, 720-21 (1990) (holding that the mailbox rule does not apply to the filing of a complaint in circuit court); Wilkins v. Dellenback, 149 Ill.App.3d 549, 553, 102 Ill. Dec. 799, 500 N.E.2d 692, 695 (1986) (holding that the mailbox rule does not apply to the filing of a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure). I do not disagree with the holdings in those cases. In each of the cases cited by the majority, the court specifically distinguished cases adopting the mailbox rule for the very *363 reason that those cases only applied the mailbox rule to jurisdictional steps in an appeal process rather than to the filing of an original action in the circuit court. I would not apply the mailbox rule to original actions in the circuit court where a statute of limitations is involved. Rather, I would only interpret section 19(f)(1) of the Act to allow the filing by mail of jurisdictional documents in the circuit court where the circuit court is acting as a court of review pursuant to its special statutory jurisdiction provided in the Act.
¶ 25 Accordingly, consistent with previous holdings applying the mailbox rule to appeals to the Commission and to the appellate court, I would hold that the time of mailing the documents necessary to prosecute an appeal from the Commission to the circuit court should be deemed the time of filing. Since the claimant timely mailed all jurisdictional documents to the circuit clerk, I would find that the circuit court had subject matter jurisdiction and would proceed to the merits of this appeal.
¶ 26 Justice HOLDRIDGE joins in this dissent.
¶ 27 Justice HOLDRIDGE, dissenting:
¶ 28 I join in Justice Stewart's dissent. I dissent separately to point out the majority's misinterpretation of this court's previous holding in Norris v. Industrial Comm'n, 313 Ill.App.3d 993, 246 Ill.Dec. 719, 730 N.E.2d 1184 (2000). In Norris, this court was asked to determine the legislative intent in section 19(b) of the Act, concerning the timeliness of a petition for review by the Commission of an arbitrator's decision. Section 19(b) provides:
"Unless a petition for review is filed by either party within 30 days after the receipt by such party of the copy of the decision * * * then the decision shall become the decision of the Commission and in the absence of fraud shall be conclusive." 820 ILCS 305/19(b) (West 2008).
¶ 29 In Norris, we found the language of section 19(b) to be ambiguous as to exactly when the petition was considered to be "filed," noting that, based solely upon the language of the statute, it was equally plausible that the term "filed" meant placed in the United States mail (the mailbox rule) or actually received by the Commission. Norris, 313 Ill.App.3d at 995, 246 Ill.Dec. 719, 730 N.E.2d 1184. We further noted that neither interpretation would produce absurd, unjust, unreasonable or inconvenient results that the legislature could not have intended. See Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund, 155 Ill.2d 103, 110, 183 Ill.Dec. 6, 610 N.E.2d 1250 (1993) ("[a] statute capable of two interpretations should be given that which is reasonable and which will not produce absurd, unjust, unreasonable or inconvenient results that the legislature could not have intended").
¶ 30 After acknowledging that the term "filed" in section 19(b) was ambiguous as to whether a mailbox rule could apply to the filing of a petition for review before the Commission, the Norris court relied, in part, on our supreme court's holding in Alton v. Byerly Aviation, Inc., 68 Ill.2d 19, 23, 11 Ill.Dec. 314, 368 N.E.2d 922 (1977), where the court held that the term "to file" in section 5(a) of the Act (now 820 ILCS 305/5(a) (West 2008)) was ambiguous and should be interpreted as adopting the mailbox rule. The Norris court also recognized that our supreme court in Harrisburg-Raleigh Airport Authority v. Department of Revenue, 126 Ill.2d 326, 340-41, 127 Ill.Dec. 944, 533 N.E.2d 1072 (1989), had recognized a "modern trend" toward equating the time of mailing with actual receipt when interpreting statutorily enacted deadlines.
*364 ¶ 31 As discussed above, Norris stands for the proposition that the term "filed" in section 19(b) of the Act is ambiguous and that, under the supreme court precedent of Alton and Harrisburg-Raleigh Airport Authority, the ambiguity should be resolved in favor of a "mailbox rule" interpretation of the term "filed." I see no reason not to follow the reasoning articulated in Norris.[2]
¶ 32 At issue in the instant matter is whether section 19(f)(1) of the Act is ambiguous when it provides that a proceeding for judicial review of a Commission decision "shall be commenced within 20 days of the receipt of [the] notice of decision." 820 ILCS 305/19(f)(1) (West 2008). The majority, relying upon section 2-201 of the Code of Civil Procedure (735 ILCS 5/2-201(a) (West 2008) ("Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint.")), concludes that use of the term "commenced" in section 19(f)(1) of the Act clearly and unambiguously indicates a legislative directive that the action is commenced only when the request for summons and evidence of payment of the probable cost of the record is actually received by the clerk of the court. I disagree. Section 2-201 of the Code of Civil Procedure clearly provides that "[e]very action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint." (Emphasis added.) 735 ILCS 5/2-201(a) (West 2008).
¶ 33 Here, the action is "commenced" not by the filing of a complaint. Rather, section 19(f)(1) provides that an action is commenced by a written request for summons along with evidence of payment of the probable cost of the record. I would point out that section 19(f)(1) is actually silent as to how that written request for summons is to be presented to the court. I see nothing but ambiguity in section 19(f)(1) regarding the mechanics of bringing a "proceeding for review" of the Commission's decision before the circuit court. I would, therefore, find section 19(f)(1) ambiguous and would look to the well-settled precedent articulated in Alton, Harrisburg-Raleigh Airport Authority, and Norris to find that the mailbox rule applies to the filing of a request for summons with the circuit clerk. I, therefore, respectfully dissent.
¶ 34 As I would deny the cross-appeal, I would address the merits of the original appeal. I would find that the Commission's determination that the claimant did not sustain an injury that arose out of and in the course of his employment has support in the record and is not against the manifest weight of the evidence. The medical records of Drs. Darland and Eller established that the claimant had back problems prior to the alleged accident on July 21, 2004, even though the claimant maintained that he had no back pain prior to the accident. It is the peculiar province of the Commission to determine the credibility of witnesses, to weigh medical testimony, and to draw reasonable inferences from the record, and a reviewing court will not substitute its judgment for that of the Commission. Here, the Commission weighed the inconsistencies in the testimony and found that the claimant was not credible. It further found that the witnesses testifying for the employer were *365 more credible than those testifying for the claimant. There is sufficient evidence in the record to support the Commission's findings. I would, therefore, affirm the decision of the Commission.
NOTES
[1] It is worthy of note that, in addition to holding that the mailbox rule does not apply to appeals from the Commission to the circuit court, the majority also states that it "decline[s] to follow" Norris. Supra ¶ 11. Although this is dicta, it is bound to cause considerable confusion for attorneys practicing before the Commission. This unnecessary language may be interpreted as effectively overruling Norris, long-standing precedent upon which attorneys have relied in mailing appeals from the arbitrator to the Commission.
[2] I agree with Justice Stewart's observation that the majority's dicta concerning the holding in Norris unnecessarily calls into question the precedential value of Norris. I would point out, however, that the holding in Norris is limited to whether the mailbox rule applies to filings with the Commission under section 19(b) while the issue in the instant matter is limited to filings with the circuit court under section 19(f)(1). The decision in the instant matter leaves the holding in Norris unchanged.