NOTICE

Decision filed 06/07/23. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2023 IL App (5th) 220340-U

NO. 5-22-0340

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 20-CF-1569 |
| | ) | |
| RANDALL D. ROBERSON, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the circuit court properly admonished defendant prior to accepting his guilty plea and after sentencing, postplea counsel filed a proper Rule 604(d) certificate, and defendant's motion to withdraw his plea alleged nothing more than that he had changed his mind about accepting the plea offer, the court properly denied the motion.  As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Randall D. Roberson, appeals the circuit court's order denying his motion to withdraw his guilty plea and to reconsider his sentence.  His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred in denying defendant's motion.  Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum.  See *Anders v. California*, 386 U.S. 738 (1967).  OSAD has notified defendant of its motion, and this court has

1

provided him with ample opportunity to respond. However, he has not done so. After considering the record on appeal, OSAD's memorandum, and its supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4     Following a routine traffic stop, defendant was charged with eight felonies, including armed violence, which carried a 15-year minimum prison sentence. See 720 ILCS 5/33A-2(a), 33A-3(a) (West 2020). Nearly a year later, in December 2021, defendant agreed to plead guilty to armed violence. In exchange for the plea, the State would dismiss the remaining seven counts. The parties did not formally agree on a sentence, but the expectation was that defendant would receive the minimum sentence.

¶ 5     The factual basis for the charge was that a state trooper conducted a traffic stop of the vehicle defendant was driving. The trooper detected an odor of burnt cannabis coming from inside the vehicle and also observed an open backpack on the passenger seat containing a clear plastic bag with a green, leafy substance. Based upon his observations, the trooper asked defendant to exit the vehicle. As he did so, he grabbed the book bag. The officer advised him to leave the bag in the car or give it to the officer. A struggle ensued, following which defendant was arrested. A search of the backpack revealed a loaded 9-millimeter handgun with a round in the chamber. The backpack also contained 57 pills which, when sent to the crime lab, were found to contain methamphetamine.

¶ 6     The court advised defendant that armed violence was a Class X felony with a sentencing range from 15 to 30 years' imprisonment and a possible fine of up to $250,000. Defendant said that he understood. The court further admonished defendant as follows:

2

"You do have the right to plead not guilty and request a trial by jury or trial by judge. If you do plead guilty here today, there will not be a trial of any kind. If you do plead guilty, you give up the following constitutional rights: The right to be tried by a judge or a jury on this matter, the right to present any evidence on your own behalf in either type trial, the right to present any evidence on your own behalf in either type trial, the right to subpoena witnesses if they would not come to court voluntarily, the right to confront and cross examine any witnesses called to testify against you by the State, the right against self-incrimination, which means no one can force you to take the witness stand and testify against yourself, the right to insist the prosecution prove each and every allegation beyond a reasonable doubt since you are presumed innocent of the charges against you."

¶ 7 Defendant again told the court that he understood. The court then read the relevant count of the indictment. Defendant assured the court that he was pleading voluntarily, that no one had threatened him, and that no promises were made beyond the stated terms. The court accepted the plea, ordered a presentence investigation report, and set the matter for sentencing.

¶ 8 At sentencing, the parties presented no evidence, and both requested the minimum 15-year sentence. The court, stating that it had considered "the statutory factors, aggravation, mitigation, the arguments of counsel, the statement of allocution, the presentence report," sentenced defendant to 15 years' imprisonment.

¶ 9 The court told defendant that, in order to appeal, he would have to move within 30 days to withdraw the plea. After defense counsel stated that he would also file a motion to reconsider the sentence, the court agreed that, because it was "technically an open plea," defendant had the right to file such a motion.

3

¶ 10    Defendant did move to withdraw the plea. Counsel amended the motion to include a request to reconsider the sentence and filed a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The motion alleged that defendant "has doubt as to his guilt." He "did not want to accept" the State's offer" and "persist[ed] in his desire to proceed to trial" on all eight counts. Defendant was "overwhelmed by confusion and emotion on the date of his plea and he was not comfortable making an open plea." Although no one specifically pressured him, he felt "pressured to accept the offer."

¶ 11    The hearing on the motion consisted only of argument. In response to the court's inquiry, defense counsel stated that he was not contending that the court had erred in admonishing defendant. The prosecutor argued that defendant's motion reflected nothing but "buyer['s] remorse."

¶ 12    The court denied defendant leave to withdraw the plea, finding nothing in the motion to alter the conclusion that the plea was knowing and voluntary. The court also declined to reconsider the sentence, noting that because defendant received the minimum sentence, "there is really nothing to reconsider." Defendant timely appealed.

¶ 13                                    ANALYSIS

¶ 14    OSAD concludes that it can advance no reasonably meritorious claim of error in the proceedings below. It concludes there is no good-faith dispute that the court properly admonished defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012), that defense counsel complied with Rule 604(d), or that the court properly admonished defendant of his appellate rights pursuant to Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001). Finally, OSAD concludes that there is no meritorious argument that the court erred substantively by denying defendant's motion. We agree.

4

¶ 15 First, the court complied with Rule 402. Due process requires that a guilty plea be voluntary and intelligent. *People v. Burt*, 168 Ill. 2d 49, 64 (1995). Rule 402 ensures compliance with these requirements. *Id.* (citing 134 Ill. 2d R. 402, Committee Comments, at 340). The rule provides that:

> "The court shall not accept a plea of guilty *** without first, by addressing the defendant personally in open court, informing him or her of and determining that he or she understands the following:
>
> > (1) the nature of the charge;
>
> > (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;
>
> > (3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and
>
> > (4) that if he or she pleads guilty there will not be a trial of any kind, so that by pleading guilty he or she waives the right to a trial by jury and the right to be confronted with the witnesses against him or her; or that by stipulating the evidence is sufficient to convict, he or she waives the right to a trial by jury and the right to be confronted with any witnesses against him or her who have not testified." Ill. S. Ct. R. 402(a) (eff. July 1, 2012).

¶ 16 Here, the court advised defendant of the charged offense and the possible sentences. The court told him that he could plead not guilty and described the rights he would be giving up if he pleaded guilty. Defendant said that he understood these admonishments. Thus, the court complied with the rule.

¶ 17     It appears that defense counsel also complied with his duties under Rule 604(d).  That rule requires that counsel appointed to represent a defendant on a postplea motion shall

> "file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 18     Here, counsel's certificate closely tracked the rule's language.  OSAD observes that counsel's certification that he reviewed the transcript of the guilty plea might be questioned where the court reporter's certificate for this hearing was dated July 20, 2022, and the report of proceedings itself was not filed in court until July 21, 2022, long after the hearing on the motion to withdraw.  See *People v. Little*, 337 Ill. App. 3d 619, 621-22 (2003) (finding that defense counsel failed to comply with Rule 604(d) where record showed guilty plea transcript was prepared and filed with the court a month after Rule 604(d) certificate was filed).

¶ 19     OSAD concludes that this issue, too, is without merit, because the record as a whole shows that counsel complied with the rule.  The date a court reporter "certifies" a transcript does not necessarily equate with the date the reporter prepared the transcript.  *People v. Little*, 2011 IL App (4th) 090787, ¶¶ 11-18.  Here, defendant retained new counsel after the guilty plea.  When new counsel appeared at a hearing in February 2022, he acknowledged that he would need to "get the transcripts."  Later, counsel filed a motion seeking to have the county to pay for "all trial transcripts related to the guilty plea and sentencing."  When addressing this motion, the court said that counsel

6

should speak with court staff about the transcripts, and counsel responded that he had already spoken to one of the court reporters. The Rule 604(d) certificate was filed about two weeks later. Finally, at the hearing on the motion to withdraw, counsel stated that he had obtained the records of the guilty plea. Under the circumstances, we agree with OSAD that the record supports the conclusion that counsel did in fact obtain and review the transcripts.

¶ 20    OSAD further contends that there is no viable argument that the court failed to comply with Rule 605, which requires the court to advise a defendant of his appeal rights. That rule, entitled "Advice to Defendant" requires the court to advise a defendant about how to perfect an appeal. Rule 605(b) applies to defendants convicted following guilty pleas and requires the court to advise the defendant that he or she "must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty." Ill. S. Ct. R. 605(b)(2) (eff. Oct. 1, 2001). Rule 605(c), by contrast, applies where a defendant is convicted following a negotiated guilty plea and requires the advice that the defendant must file, within the same time frame, "a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty." Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001). This distinction applies the rule of *People v. Evans*, 174 Ill. 2d 320, 332 (1996) that, "following the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the status quo."

¶ 21    Here, although the parties referred to the plea as "open," the court initially advised defendant, pursuant to Rule 605(c), that he had to file a motion to withdraw the plea. After defense counsel pointed out that defendant had the option of filing a motion to reconsider the sentence, the

7

court agreed and so advised him in accordance with Rule 605(b). Thus, the court complied with the rule governing open pleas. Even if it did not, any error was harmless, given that defendant did file a motion to reconsider the sentence and the court ruled on the merits.

¶ 22 It could be argued that the plea was actually fully negotiated, given both parties' expectation that defendant would ultimately receive the minimum sentence of 15 years. It appears, however, that the circuit court imposed the sentence after considering several factors, rather than merely imposing an agreed-upon sentence. On that basis, the parties' characterization of the plea as open is accurate. In practical terms, it makes little difference. Given that defendant received the minimum sentence for the offense to which he pleaded guilty, the trial court aptly observed that there was "nothing to reconsider."

¶ 23 Finally, OSAD concludes that there is no meritorious contention that the court erred in denying the motion to withdraw the plea. A defendant has no absolute right to withdraw a guilty plea. *People v. Hughes*, 2012 IL 112817, ¶ 32. Rather, he must show a manifest injustice under the facts involved. *Id.* Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt of the defendant's guilt such that justice would be better served through a trial. *Id.*

¶ 24 Here, defendant's motion contained only vague allegations that he had "doubt as to his guilt," that he "did not want to accept" the State's offer" and was "overwhelmed by confusion and emotion." However, as noted, the circuit court properly admonished defendant prior to accepting the plea and defendant repeatedly assured the court that he understood the admonishments. Defendant's motion frankly acknowledged that he was not actually pressured by anyone and offered no evidence tending to show that he had a legitimate defense to the charges or that his "confusion and emotion" prevented his plea from being voluntary.

8

¶ 25 Under the circumstances, the State's characterization of defendant's allegations as "buyer['s] remorse" appears to be accurate. Or, put another way, defendant's allegations "can only be construed as a simple change of mind," which "is not a proper ground for the withdrawal of a guilty plea." *People v. Young*, 2019 IL App (3d) 160528, ¶ 33.

¶ 26 Defendant's "doubt" of his guilt is not objectively justified. The factual basis demonstrated that defendant was driving a vehicle which had, on the passenger seat, a backpack containing drugs and a loaded handgun. His attempt to take the backpack when he got out of the car demonstrated ownership of it—or at least knowledge of its existence—and would appear to foreclose any argument that he did not know it was there or what was in it. "[T]o find that a bare postplea denial of guilt entitles a defendant to withdrawal of that plea would be to effectively bestow on defendants an absolute right to withdraw any plea. Such a result could not be tolerated." *Id.* ¶ 34 (citing *People v. Baez*, 241 Ill. 2d 44, 110 (2011)). Thus, the court did not err in denying defendant's motion to withdraw the plea.

¶ 27                                 CONCLUSION

¶ 28 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 29 Motion granted; judgment affirmed.